Thelma NAPPER, Plaintiff,

v.

George K. WYMAN as Commissioner of New York State Department of Social Services, and Jack R. Goldberg as Commissioner of the Department of Social Services of the City of New York, Defendants.

No. 69 Civ. 2240.

United States District Court
S. D. New York.

Sept. 24, 1969.

Carl Rachlin, M. James Spitzer, Jr., New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for defendant Wyman; Joel Lewittes, John G. Proudfit, Asst. Attys. Gen., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendants George K. Wyman, Commissioner of the New York State Department of Social Services, and Jack R. Goldberg, Commissioner of the New York City Department of Social Services, move, pursuant to Rule 12(b) (6), F.R.Civ.P., to dismiss the complaint for failure to state a claim and for failure to exhaust available State remedies.

Plaintiff, a resident of New York City and a 32-year-old mother of four minor children, is a recipient of payments pur-

suant to the Aid to Families with Dependent Children (AFDC) program of the Social Security Act, 42 U.S.C. §§ 601–610. Defendants Wyman and Goldberg administer the AFDC program in New York City.

Plaintiff alleges in her complaint that in 1966 she received a high school equivalency diploma from the State Department of Education and thereafter applied to and was accepted by Queensborough Community College (Queensborough) in a two-year vocational training program leading to a degree of associate in applied science (A.A.S.), which would make her eligible to take the New York State Registered Professional Nurse Licensing Examination and eligible for employment as a registered nurse. Plaintiff applied to the City Department of Social Services for payment of registration and tuition fees, pursuant to Section 350, subd. 1(c) of the New York Social Welfare Law, McKinney's Consol.Laws, c. 55,[1] (McKinney 1966). 18 NYCRR § 352.5(d) (2)[2] as it appeared on the dates in question—since repealed, and Section 205(5) of the City of New York, "Policies Governing the Administration of Public Assistance"[3] (1967).

Plaintiff's application was denied, and on July 17, 1967 she requested a "fair hearing" before a referee designated by the State Department of Social Services. After lengthy delays, a hearing was held on November 4, 1968, and in accordance with the statute, the referee forwarded his findings to Commissioner Wyman. On April 21, 1969, Commissioner Wyman affirmed the denial of tuition and registration fees on the ground that:

> "there is nothing in the Social Services Law, Rules of the State Board of Social Welfare, Regulations of the State Department * * *, or the agency's State approved policy, which require the agency to pay for registration and tuition fees at a community college in order to obtain a bachelor's degree in nursing."

Plaintiff alleges that the defendants, in promulgating the regulations referred to above, have arbitrarily and irrationally denied her the opportunity to pursue "occupational training" as a registered nurse by excluding community colleges, like Queensborough—and all other schools except "trade schools"—from their definition of "trade schools or other institution licensed or approved by the state education department * * *"; and have arbitrarily created two classes of AFDC recipients, those whose choice of occupation does not require a two-year degree from community colleges and who may obtain allowances to

---

1. Section 350, subd. 1(c) provides that allowances under the AFDC program

   " * * * granted for the aid of a child or children whose parent or parents are unemployed may include such *costs of tuition,* books, supplies, and other items as may be required *to enable such a parent to obtain suitable occupational training from a trade school or other institution licensed or approved by the state education department* in accordance with rules of the board and regulations of the department * * *." (Emphasis added.)

2. *352.5 Items of special need.* Each of the following items of special need shall be granted in the amount necessary, whenever the special circumstances noted below are found to exist.

   (d) Expenses incident to education.
   * * * * *

   (2) The cost of tuition and special tutoring shall not be paid through public assistance funds except for vocational training for:
   * * * * *
   (ii) A parent for whose children a grant of ADC is made.

3. *Section 205. Expenses Incident to Education*
   * * * * *
   *5. Expenses Incident to Continued Education or Training of Adults*
   The cost of tuition and special tutoring shall *not* be paid from public assistance funds except for vocational training for a * * * person whose children are receiving Aid to Dependent Children. Such allowances may be provided only in approved trade schools and shall be based on the recommendation of the Division of Employment and Rehabilitation.

pay for tuition and books and other expenses, and those whose choice of occupation does require a two-year degree from community college and cannot obtain the necessary grants.

Plaintiff contends that such an arbitrary classification enables AFDC recipients to receive allowances to attend trade schools to receive occupational training as beauticians, television repairmen, secretaries, and even nurse's aides, but not registered nurses, and that such classification violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

Defendants argue that plaintiff has no constitutional right to an education for occupational preparedness and that any ambiguity in the interpretation of the statute and regulations involved should be determined in the first instance by the State courts.

■ However, the question is not whether plaintiff has a constitutional right to an education, but whether the State and City Departments of Social Services, in the face of a statute which clearly authorizes payments for tuition and other costs for occupational training at institutions approved by the State Education Department, may promulgate and enforce regulations establishing the classification of which plaintiff complains. Traditionally, the test for whether a classification satisfied equal protection is whether there is a "reasonable basis" for it. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S. Ct. 337, 55 L.Ed. 369 (1911). However, where a "fundamental right" is involved, the constitutionality of the classification "must be judged by the stricter standard of whether it promotes a *compelling* state interest." Shapiro v. Thompson, 394 U.S. 618, 638, 89 S.Ct. 1322, 1333, 22 L.Ed.2d 600 (1968). Although "receipt of welfare benefits may not at the present time constitute the exercise of a constitutional right. * * * the equal protection standard to be applied should * * * more nearly approximate that

applied to laws affecting fundamental constitutional rights." Rothstein v. Wyman, 303 F.Supp. 339, 346 (S.D.N.Y., filed August 4, 1969) (three-judge court).

Whatever the standard to be applied here, defendants assert that the classification is valid because neither "the State [nor the] City of New York [has] undertaken to provide for payments of grants to any assistance recipient in order to attend a Community College for the degree sought by plaintiff." (Defendants' memo, p. 5.) However, as pointed out, defendants have undertaken to provide some AFDC recipients with funds to attend certain trade schools and have denied funds to plaintiff, an AFDC recipient, wishing to attend another type of institution licensed by the State Education Department to provide vocational training as registered nurses. This classification is inconsistent with one of the stated goals of the AFDC program, viz., "to help such parents * * * to attain * * * capability for the maximum self-support and personal independence * * *." 42 U.S.C. § 601.

■ The court finds that, absent a showing that some State interest is promoted by the classification, plaintiff's complaint alleging a denial of equal protection states a good claim under 42 U.S.C. § 1983.

■ The statutes and regulations are unambiguous and there is no need to defer to State courts for an interpretation of them, even though there is an available State remedy. Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). See Note, Limiting the Section 1983 Action in the Wake of Monroe v. Pape, 82 Harv.L.Rev. 1486, 1487 (1969).

Defendants' motion to dismiss is denied, without prejudice to renewal at trial if defendants show that the State has an adequate interest for establishing the classification is question.

It is so ordered.