**UNITED STATES of America**

**v.**

**Wayne Leslie DORRIS, Defendant.**

**Crim. No. 70–149.**

United States District Court.

W. D. Pennsylvania.

Dec. 8, 1970.

Richard L. Thornburgh, U. S. Atty., by Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Stanton D. Levenson, of Levenson & Snyder, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

On June 10, 1970, the defendant was indicted by the Grand Jury for refusing to report for and submit to induction into the Armed Forces of the United States in violation of § 12(a) of the Military Selective Service Act of 1967 (the Act), 50 U.S.C.A. App. § 462(a). The defendant has filed a motion to dismiss the indictment on the grounds that "Title 50 U.S.C. App. § 462 et seq.,[1] upon which the Indictment is Based, was Enacted Contrary to the Ninth Amendment to the United States Constitution" and that "Title 50 U.S.C. App. § 462 et seq., upon which the Indictment is Based is Unconstitutional Because the Law Deprives the Defendant of His Liberty without Equal Protection of the Laws Contrary to the Constitution of the United States." We are of the opinion that the motion to dismiss the indictment should be denied.

■ The defendant asserts that the first eight Amendments to the Constitution are not an exhaustive list and that rights not expressly guaranteed by the first eight Amendments are protected by the Ninth Amendment.[2] Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The defendant then asserts that the Ninth Amendment contains the most fundamental right— "the right to one's own life." At this point we disagree. We believe that the framers of the Constitution expressly provided for the protection of the right to one's own life in the Fifth Amendment,[3] by including the two words, "life" and "liberty".

The defendant's second argument, that the Act does not afford him the equal protection of the laws, we will treat as one denying him due process of law, for "while the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'" Schneider v. Rusk, 377 U.S. 163, 168, 84 S.Ct. 1187, 1190, 12 L.Ed.2d 218 (1964), citing Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954). See also Shapiro v. Thompson, 394 U.S. 618, 642, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

Therefore, the sole issue is whether the Act deprives the defendant of his life and liberty without due process of law, contrary to the mandate of the Fifth Amendment. We think it does not.

■ Congress has power to classify and conscript manpower for military service, and this is "beyond question". United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). It is fundamental, however, that the constitutional provision of due process is a limitation on Congress' war powers. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 164, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The defendant's assertion that the Act discriminates against males who are older than 18½ years of age and

---

1. Section 462 of Title 50 U.S.C.A.App. provides for offenses and penalties; the subsequent sections are irrelevant. The particular portion of 50 U.S.C.A.App. which the defendant attacks is § 454(a) which provides:

   " * * * [E]very male citizen of the United States and every male alien admitted for permanent residence, who is between the ages of 18 years and 6 months and 26 years, at the time fixed for his registration, or who attains the age of 18 years and 6 months after having been required to register pursuant to section 3 of this title * * *, or who is otherwise liable as provided in section 6(h) of this title * * *, shall be liable for training and service in the Armed Forces of the United States * * *."

2. The Ninth Amendment states:
   "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

3. The relevant part of the Fifth Amendment is:
   "No person shall * * * be deprived of life, liberty, or property, without due process of law * * *."

**1308**

younger than 26 years of age and is therefore invidiously discriminatory, is without merit.

The defendant overlooks the fact that the group of males 18½ to 26 years of age is not stagnant. The people who make up the group today, will not always remain in that group. Males today who are 17 years old will be subject to the draft when they reach 18½ years of age. Men today who are 27 and older, either have been in the service or have had a deferment. Therefore, the class is never closed, but the Act is designed to eventually submit *all male* citizens to the draft.

The assertion that the Act is invidiously discriminatory because it excepts females *in toto*, is unfounded.

> "Traditionally, the test for whether a classification satisfied equal protection is whether there is a 'reasonable basis' for it. * * * However, where a 'fundamental right' is involved, the constitutionality of the classification 'must be judged by the stricter standard of whether it promotes a *compelling* * * * [government] interest.' Shapiro v. Thompson, 394 U.S. 618, 638, 89 S.Ct. 1322, 1333, 22 L.Ed.2d 600 (1968)." Napper v. Wyman, 305 F.Supp. 429, 431 (S.D.N.Y.1969). (Italics in original.)

In deciding the compelling interest of the government, it is well to keep in mind the words of Justice Goldberg:

> "The powers of Congress to require military service for the common defense are broad and far-reaching, for while the Constitution protects against invasions of individual rights, it is not a suicide pact." Kennedy v. Mendoza-Martinez, *supra*, 372 U.S. at 159–160, 83 S.Ct. at 563.

Such classifications as age and sex are not arbitrary or unreasonable, and the classifications are justified by the compelling government interest which is to "provide for the common defence" [4] in a manner "* * * which would

both maximize the efficiency and minimize the expense of raising an army * * * *". United States v. Fallon, 407 F.2d 621, 623 (7th Cir. 1969).

We, therefore, hold that such classifications in the Military Selective Service Act are not violative of the due process clause of the Fifth Amendment of the United States Constitution, and the defendant's motion to dismiss the indictment will be denied.

An appropriate order will be entered.

---

4. Preamble to the United States Constitution.