**Andrew ROWLAND, a minor by his guardian Lewis Rowland, et al., Appellants,**

v.

**Curtis TARR, National Director of Selective Service, et al.**

No. 72–1367.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 24, 1973.

Decided May 11, 1973.

**546**

Harold E. Kohn, Stuart H. Savett, Donald L. Weinberg, Allen D. Black, Philadelphia, Pa., for appellants.

Carl J. Melone, U. S. Atty., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Before VAN DUSEN, ALDISERT and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The question in this appeal from the dismissal of a complaint requesting convocation of a three-judge statutory court to test the constitutionality of the Military Selective Service Act, 50 U.S.C. App. § 451, et seq., is whether the district court erred in finding lack of jurisdiction.

The trial court 341 F.Supp. 339, found that some of the constitutional issues presented by appellants had already been authoritatively adjudicated adversely to the appellants' contentions thereby obviating the necessity of additional litigation. In other respects, the court found the claims to be political questions and, therefore, non-justiciable.

█ A district court is required to request the convocation of a three-judge court under 28 U.S.C. § 2282 where there is a challenge to the constitutionality of a federal statute, unless the constitutional attack is " 'essentially fictitious,' Bailey v. Patterson, 369 U.S. 31, 33 [82 S.Ct. 549, 551, 7 L.Ed.2d 512] (1962), 'wholly insubstantial,' ibid., 'obviously frivolous,' Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910), 'obviously without merit,' Ex parte Poresky, 290 U.S. 30, 32 [54 S.Ct. 3, 4–5, 78 L.Ed. 152] (1933)," Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (January 17, 1973); or unless "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy," Ex parte Poresky, supra, 290 U.S. at 32, 54 S.Ct. at 4.

We have concluded that several of the counts presented by the appellants have already been conclusively adjudicated by the Supreme Court adversely to appellants and, therefore, were properly dismissed by the district court. Count I, claiming a taking of appellants' property without due process of law is foreclosed by Lichter v. United States, 334 U.S. 742,

755–758, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Count II, claiming involuntary servitude, by Arver v. United States, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918); Count IV, claiming an unconstitutional deprivation of various First and Fifth Amendment rights, by United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1969); Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971).

■■ Count V is non-justiciable because of mootness. Appellants claimed that the Vietnam conflict was an illegal and unconstitutional war contrary to the principles of military, national, and international law. We take judicial notice that as of this date no one subject to the Military Selective Service Act will be called to serve in Vietnam and that American participation in that conflict has been terminated.

■ What remains is Count III, a claim that the Act offends the equal protection clause because it discriminates unconstitutionally between males and females. This contention has not been adjudicated by the Supreme Court, although there is a thoughtful opinion by Chief Judge Marsh of the Western District of Pennsylvania concluding that such "classifications as age and sex are not arbitrary or unreasonable, and the classifications are justified by the compelling government interest. . . ." United States v. Dorris, 319 F.Supp. 1306, 1308 (W.D.Pa.1970). Guided by the stringent language of Ex parte Poresky, *supra,* which suggests that the "unsoundness" of the claim must result "from previous decisions of this [Supreme] court," we are constrained to hold that this count presents an issue which is not yet foreclosed. From the district court's opinion we are unable to determine on what basis it rejected this particular count. Therefore, we will vacate the judgment of the district court and remand these proceedings solely for the purpose of considering Count III. If the district court is satisfied that plaintiffs have standing and that the constitutional attack is not insub-stantial as defined in Goosby v. Osser, *supra,* it should request the convocation of a statutory court.

The judgment of the district court will be vacated with respect to Count III; in all other respects the judgment will be affirmed.