Grant D. SHADE, Sr., and George D. Mabus, Plaintiffs,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Defendant.

Civ. No. 75–227.

United States District Court, M. D. Pennsylvania.

May 12, 1975.

A. Stephen Cohen, Sunbury, Pa., for plaintiffs.

John L. Heaton, Asst. Atty. Gen., Dept. of Transportation, Commonwealth of Pa., Harrisburg, Pa., for defendant.

SHERIDAN, Chief Judge.

Plaintiffs, Grant D. Shade, Sr. and George D. Mabus, residents of Northumberland County, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. A. § 1983 against the defendant, the Pennsylvania Department of Transportation. Jurisdiction is predicated on 28 U.S.C.A. § 1343.

Specifically, plaintiffs request the court to declare unconstitutional the Accelerated Rehabilitative Disposition program, embodied in Rules 175 through 185 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, on the ground that this pre-trial diversion program grants the prosecuting attorney and county courts an impermissible quantum of prosecutorial discretion and is administered in a discriminatory manner violative of the equal protection clause of the fourteenth amendment. In addition, plaintiffs seek a preliminary and permanent injunction enjoining the Department of Transportation from revoking drivers' licenses pursuant to the mandate of 75 P.S. § 616(a)(1) of those convicted of operating a motor vehicle while under the influence of intoxicating liquor or any narcotic until such time as the Accelerated Rehabilitative Disposition (hereinafter ARD) rules are applied equally to all residents of the Commonwealth. Finally, plaintiffs request the court to order the Department of Transportation to reinstate their drivers' licenses.

In accordance with Rule 65(a)(2) of the Federal Rules of Civil Procedure and with the agreement of the parties, a hearing was held on the merits on February 26, 1975, thereby consolidating the trial with the hearing on the preliminary injunction. At the hearing defendant filed an answer and a motion for judgment on the pleadings. Neither party presented evidence but both presented oral argument on behalf of their respective positions on the legal issues. At the end of the hearing, it was agreed that plaintiffs would file a brief and any additional material in support of their claims within twenty days, and that the defendant would have twenty days from the date of service of plaintiffs' brief to file its response. Plaintiffs and hence the defendant have not filed any briefs or additional material since the hearing held several months ago. The court, therefore, will decide the case on the present record.

The following facts emerge from the pleadings. Both plaintiffs pled guilty in early 1974 to operating a motor vehicle while under the influence of intoxicating liquor in violation of 75 P.S. § 1037. Each received the same sentence in the Northumberland County Court—i. e., a two hundred dollar fine and six months probation. Pursuant to the mandate of 75 P.S. § 616(a)(1), the Department of Transportation revoked for one year plaintiffs' drivers' licenses upon receipt of the certified record of the Clerk of Courts of Northumberland County that they had been convicted of operating a motor vehicle while under the influence of liquor. The statute, 75 P.S. § 616(a)(1), *required* the Department of Transportation to revoke the licenses of the plaintiffs for a year, and thus the revocation was merely a ministerial act of the Department. The Pennsylvania legislature pursuant to 75 P.S. § 616(a)(1) has made a one-year revocation of operating privileges a mandatory criminal penalty automatically imposed on anyone convicted of driving while under the influence of intoxicating liquor or narcotics.

The Pennsylvania Department of Transportation had no involvement

whatever in the establishment of the ARD program and has absolutely no role in its implementation or administration. The ARD program is embodied in Rules 175 though 185 of the Pennsylvania Rules of Criminal Procedure, rules promulgated by the Pennsylvania Supreme Court pursuant to the power vested in the Court by Article 5, § 10(c) of the Pennsylvania Constitution, P.S.

The ARD program provides a means of suspension of formal criminal proceedings before conviction on the condition that the accused will do something in return, such as make restitution, participate in a rehabilitation program, undergo psychiatric treatment, hold certain employment, or otherwise modify his behavior. The ARD rules provide that after a defendant is held for court by an issuing authority or after an information or indictment, the district attorney *sua sponte* or at the request of defendant's attorney may move that the case be considered for. ARD. The district attorney has the discretion to refuse to ask for ARD and to insist on prosecuting the defendant for the offense. Pa. R.Crim.P. 175 and 176. If the district attorney moves that the case be considered for ARD, a hearing is held in open court in the presence of the defendant at which the court determines: (1) whether the defendant agrees to the conditions of the ARD program, Pa.R.Crim.P. 178; and if so, (2) whether the judge will grant the Commonwealth's motion for ARD, Pa.R.Crim.P. 179. Thus, the district attorney and the county judge must both agree that the defendant should receive the benefit of ARD, thereby avoiding criminal prosecution. The conditions of the ARD program may be the same as may be imposed with respect to probation after conviction of a crime, including restitution and costs, and any other conditions agreed to by the parties, except that a fine may not be imposed and the period of the ARD program cannot exceed two years, Pa.R. Crim.P. 182. When the defendant has satisfactorily completed the ARD program prescribed for him and complied with its conditions, the charges against him upon order of court will be dismissed. Pa.R.Crim.P. 185. Should the defendant fail to complete the ARD program satisfactorily, he may be prosecuted for the offense charged as he might have been originally. Pa.R.Crim. P. 178, 183, 184.

Since the Department of Transportation plays no part whatever in the implementation of the ARD rules, plaintiffs clearly have named the wrong defendant to the. extent they attack the *administration* of the program. In addition, even if the ARD program were being administered in a manner violative of equal protection, that finding would in no way undermine the constitutionality of 75 P.S. § 616(a)(1) pursuant to which the Department was required to revoke plaintiffs' drivers' licenses. In short, plaintiffs have presented no evidence of any kind that the Department of Transportation engaged in a "discriminatory pattern of highway safety" as alleged in the complaint.

To the extent plaintiffs seek the reinstatement of their drivers' licenses, this relief is available only in a petition for a writ of habeas corpus after plaintiffs have exhausted state judicial remedies, since they are attacking part of the criminal penalty imposed for their convictions for operating a motor vehicle while under the influence of liquor. 28 U.S.C.A. §§ 2241, 2243, 2254; Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; United States of America ex rel. Geisler v. Walters, 3 Cir., 510 F.2d 887 (1975). The Civil Rights Act, 42 U.S.C.A. § 1983, cannot be used to circumvent the federal habeas corpus·exhaustion requirement. Preiser v. Rodriguez, supra.

Finally, assuming *arguendo* that plaintiffs in this action against this defendant have standing to litigate the contention that the ARD rules are unconstitutional *on their face* because of the prosecutorial discretion embodied therein, i. e., because the district attor-

ney has unfettered discretion with respect to whom to grant ARD and whom to prosecute, it is clear that this claim is wholly without merit.

In United States v. Bland, D.C.Cir. 1972, 153 U.S.App.D.C. 254, 472 F.2d 1329, 1335, the Court of Appeals for the District of Columbia, in reversing the district court, stated that the assertion " . . . that the exercise of the discretion vested by Section 2301(3)(A) [16 D.C.Code § 2301(3)(A)] in the United States Attorney to charge a person 16 years of age or older with certain enumerated offenses, thereby initiating that person's prosecution as an adult, violates due process—ignores the long and widely accepted concept of prosecutorial discretion, which derives from the constitutional principle of separation of powers." In United States v. Cox, 5 Cir. 1965, 342 F.2d 167, 171, the Court of Appeals for the Fifth Circuit, in holding that a court had no power to compel a United States Attorney to sign an indictment, stated:

". . . The role of the grand jury is restricted to a finding as to whether or not there is probable cause to believe that an offense has been committed. The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause. Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions. . . ." (Footnotes omitted.)

A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution; the discretion to choose which statute to prosecute under is vested in the prosecuting attorney. Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013; Hutcherson v. United States, 1965, 120 U.S.App.D.C. 274, 345 F.2d 964; cf. United States v. Bell, D.C.Cir. 1974, 506 F.2d 207, 221–222. As stated by Chief Justice [then Judge] Burger in Hutcherson v. United States, 345 F.2d at 969:

"Assuming arguendo that appellant had standing to raise the equal-protection issue, I find his position without merit, even if we assume that the equal-protection guarantee may be imported into the fifth-amendment due process clause in this situation. In the Berra case, supra, the situation presented to the Supreme Court was very similar to the instant case. There the petitioner had been tried and sentenced under 26 U.S.C. § 145(b), which the Supreme Court assumed punished as a felony the same acts made a misdemeanor by 26 U.S.C. § 3616(a). At trial petitioner had moved unsuccessfully to have the jury instructed on § 3616(a) as a 'lesser offense.' He had made no motions addressed to the validity of the indictment, conviction or sentence under § 145(b). In this posture, the Supreme Court found the propriety of the denial of the lesser-offense charge to be the only question before it, 351 U.S. at 134, 76 S.Ct. 685, thus rejecting the dissenting view of Justice Black that the co-existence of the felony and misdemeanor statutes vested a discretion in the prosecutor 'wholly incompatible with our system of justice,' id. at 138, 76 S.Ct. at 690, and that the Court should notice that fact as 'plain error' under Rule 52(b) of the Federal Rules of Criminal Procedure. Id. at 137, 76 S.Ct. 685." (Footnotes omitted.)

In Newman v. United States, 1967, 127 U.S.App.D.C. 263, 382 F.2d 479, the Court of Appeals for the District of Columbia held that the exercise of prosecutorial discretion, even when it results in different treatment of codefendants originally charged in the same case with the same offense, is not violative of due process or equal protection. This court agrees with the court in *Newman* that "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." 382 F.2d at 480.

Finally, in Oyler v. Boles, 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, the Supreme Court upheld the traditional principle of prosecutorial discretion, stating:

> "Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. Oregon v. Hicks, *supra*; *cf.* Snowden v. Hughes, 321 U.S. 1, 64 S. Ct. 397, 88 L.Ed. 497 (1944); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) (by implication)." 368 U.S. at 456, 82 S.Ct. at 506.

Thus, while there may be instances in which the courts would be entitled to review the exercise of prosecutorial discretion, such review is limited to circumstances involving the deliberate use of such factors as race, religion, or other suspect classifications not found in the present case. In the absence of such factors, the exercise of prosecutorial discretion does not violate due process or equal protection of the law.

In the instant case the ARD program leaves intact the traditional principle that the prosecuting attorney should have the discretion to choose which crimes he wishes to prosecute. Even in the absence of the ARD program, the district attorney in his discretion could always *nolle pros* a criminal charge or enter into a plea bargain with a defendant. Thus ARD is merely one of several discretionary methods for disposition of criminal charges. The criminal law is not a computerized system and discretion—e. g., whether or not to arrest, indict, release, prosecute, dismiss, plea bargain,[1] or accept a plea of guilty in a given case—is a necessary and inherent part of the criminal justice system. Prosecutorial discretion in law enforcement "is by its very nature exceedingly broad," United States v. Bell, D.C.Cir. 1974, 506 F.2d 207, 222, and such discretion is an essential part of the criminal justice system. *See* Santobello v. New York, 1971, 404 U.S. 257, 260–261, 92 S. Ct. 495, 30 L.Ed.2d 427.

For the foregoing reasons, the court holds that the contention that the ARD rules are unconstitutional on their face because of the discretion vested in the district attorney and county courts is wholly without merit.

Since a district court should not request convocation of a three-judge court where the constitutional attack is obviously without merit, Ex Parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152; Goosby v. Osser, 1973, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36; Rowland v. Tarr, 3 Cir. 1973, 480 F.2d 545, or wholly insubstantial, Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512; Cantor v. Supreme Court of Pennsylvania, E.D.Pa. 1973, 353 F.Supp. 1307, 1314, this court

---

1. In Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, the Supreme Court described plea bargaining as "an essential component of the administration of justice" which is to be encouraged. 404 U.S. at 260–261, 92 S.Ct. at 498.

did not seek the convocation of a three-judge court to adjudicate the constitutional challenge to the ARD rules because the constitutional claim, for the reasons stated *supra,* is clearly without merit.

The defendant has filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the purposes of such a motion, all well-pleaded factual allegations of the plaintiffs, the opposing party, are taken as true and all allegations of the moving party, defendant, which have been denied are taken as false. Conclusions of law are not deemed admitted. 2A Moore, Federal Practice ¶ 12.15. It is clear that on the facts as so admitted defendant is entitled to judgment as a matter of law. It should be emphasized that plaintiffs at the trial on the merits presented no evidence whatsoever but only oral argument, and despite the opportunity they never filed additional supporting material nor a brief.

Defendant's motion for judgment on the pleadings will be granted.