## Commonwealth v. Buczik

*John R. Graham, Special Assistant District Attorney,* for Commonwealth.

*Frank J. Wesner, Jr.* and *Leonard A. Sloane,* for defendants.

*Donald J. Swanick,* for victim.

deFURIA, *J.*, October 24, 1978—We have before us for disposition the petition of the District Attorney of Delaware County to remove the above-named defendants from the A.R.D. program. Defendants have objected to such removal, all parties have filed memoranda of law, and the issue is ready for decision.

## HISTORY

The posture of this matter is unusual, and some background is necessary to apprehend the issues.

Defendant, Zatwarnytaky, the driver, was separately charged, by informations, on May 31, 1978, with simple assault, aggravated assault, recklessly endangering another, violation of duty to stop a motor vehicle, criminal attempt and conspiracy. Buczik, the passenger, was charged with criminal attempt and conspiracy.

In the usual course of reviewing files for consideration in the A.R.D. program, Special District Attorney John R. Graham, in charge of this program in the District Attorney's office, on June 1, 1978, decided that both defendants were eligible for A.R.D., and so notified defendants on June 15, 1978. The matters were then listed for A.R.D. hearing before deFuria, *J.*, on July 5, 1978.

At the hearing on July 5, 1978, Special District Attorney Graham was not present as he was on vacation. Assistant District Attorney Michael F. X. Coll represented the Commonwealth, Donald Swanick, Esq., appeared for the victim, and defendants and their counsel were present.

The assistant district attorney and the private attorney for the victim vigorously opposed the entry of defendants into the A.R.D. program. The alleged deliberate assault by automobile, the very serious and permanent injuries, and thousands of dollars of medical expenses were advanced as reasons for nonavailability of A.R.D. for these defendants. Defendants contended that the special assistant district attorney had, on his own, approved A.R.D. for them. They also claimed that there was insurance coverage.

The insurance coverage, of course, would depend on whether or not the injuries by vehicle were intentional and deliberate or not.

The court thereupon continued the matters until the September A.R.D. hearings, scheduled for September 5, 6 and 7, 1978, in order for Special District Attorney Graham to be present. The court expected a complete airing of all issues at the September hearing.

Due to the inadvertence of the district attorney's office, the matters were not listed for the September hearings. Neither the victim nor his counsel was notified. Defendants were not notified either, but they, and their attorneys, appeared in A.R.D. court on Thursday, September 7, 1978, when the undersigned, by chance, was sitting specially in A.R.D. for Catania, *P.J.*

Defendants approached the special district attorney, who then and there listed the matters for hearing.

The cases were then presented to this court in a routine fashion. The insurance coverage was mentioned, but nothing further. Mr. Graham had no knowledge of the court's wishes as expressed at the July 5 hearing. Defendants did not recall to the court the prior objections of Assistant District Attorney Coll and Mr. Swanick.

The court had no recollection of the July hearing; nor did defendants make any mention of the July 5 hearing, and the reason it was continued.

Under this state of ignorance, in the absence of the victim and his attorney, the court, on September 7, 1978, placed Buczik on one year's probation, and Zatwarnytaky on two years' probation.

It now develops that the victim and his attorney were never notified of the September hearing.

Further, the district attorney now claims that defendants indicated on September 7 that no restitution problem existed in the case. It is also claimed that A.R.D. approval was improvidently granted because the file, in June of 1978, was incomplete and did not indicate the horrendous injuries: eight broken ribs, a broken back, crushed chest, third degree burns, broken wrist, punctured lung, and spinal cord damage

The victim was in the hospital for 19 weeks, three weeks in intensive care, and spent eight weeks at a rehabilitation institute. He has permanent injuries. There are over $65,000 in medical bills to date, and many bills will not be paid under no-fault.

On September 27, 1978, the district attorney filed a petition to remove defendants from A.R.D. Defendants filed answers, and the matter came to hearing before this court on October 5, 1978. At that time, the attorney for the victim, having finally received notice, was present and vigorously joined in the petition of the district attorney.

*What is the legal effect of failure to notify the victim of the A.R.D. hearing under Pa.R.Crim.P. 177?*

Pa.R.Crim.P. 177 provides for notice from the attorney for the Commonwealth to the defendant and to the victim of the A.R.D. hearing—"shall be sent to the victim."

Although the hearing judge, on July 5, 1978, continued the matter to the September hearings, and all parties were present, the procedure is for the district attorney to prepare a *list* for each day of three days in the week when A.R.D. matters are heard. The parties and attorneys, including victims

and police, are then notified of the *specific day* on which the particular case is listed.

This case was *not* listed for any day of the A.R.D. week in September by the district attorney. Therefore, notice was not given to any of the parties, the police or the victim, or their attorneys.

On September 7, defendants and their attorneys appeared in the courtroom where A.R.D. matters were being heard. Note that A.R.D. hearings had been held on Tuesday, September 5, and Wednesday, September 6. Thursday, September 7, was the last day of A.R.D. hearings for that week and that month.

The reason these cases were not listed for the week of September 5 is apparent: another Judge (Catania, *P.J.*) was in charge of A.R.D. that week, and he presided on Tuesday and Wednesday. Because that judge had other duties on Thursday, the undersigned was to sit for him on Thursday. The list, however, as printed, indicated only that Judge Catania was presiding for the entire week.

Defendants, and their attorneys, without notice, for some reason appeared on Thursday, September 7, and, in the absence of the victim and his attorney, requested that their cases be added to the list by the special district attorney, who did so. The special district attorney was not advised of the July 5 proceedings by defendants, *nor was the court informed of the past proceedings.*[1]

The rules are silent on the effect of failure to

---

1. Rule 179. Not only is notice to the victim of the hearing required under Pa.R.Crim.P. 177, but hearing, manner of proceeding, also requires the judge to hear from any victim present.

notify the victim of the hearing. Since the purpose of the notice is to give the victim a chance to appear in order to object to the inclusion of the defendant into the A.R.D. program, or to present claims for restitution,[2] it would appear that an essential party was absent from the proceedings when notice to the victim was not given. At the very least, failure to give notice to the victim is a factor to consider on the issue of later removal of the defendant from the program.

*Is probation under A.R.D. a conviction which would support a claim of double jeopardy, or violation of equal protection of the law upon involuntary removal from the A.R.D. program?*

A.R.D. participation by defendants is entirely voluntary. The proceedings have little semblance to a trial. There is no plea, and no determination of the facts, no verdict, and no judgment of guilt or innocence. At the end of the probationary period, without violation of conditions of probation, the charges are dismissed.

The A.R.D. proceedings are initiated by the district attorney, on his own motion, or upon request from the defendant's attorney. What charges may be included for A.R.D. consideration is a gray area, and the practice varies from county to county.

The prosecuting attorney in Delaware County, under the information system, clearly has discretion as to which crimes he wishes to prosecute. (See Comment to Pa.R.Crim.P. 185.) And the court has the power to accept and reject cases suggested for

---

2. Under Pa.R.Crim.P. 182, conditions of the program, the conditions of probation imposed may include "restitution."

A.R.D. consideration. (See Pa.R.Crim.P. 176 where the case is submitted to the judge for "consideration" for A.R.D. disposition, and Pa.R.Crim.P. 179(d), where the judge "may" accept the motion for A.R.D. disposition.) See also Shade v. Penna. Dept. Trans., 394 F. Supp. 1237, 1240 (M.D.Pa. (1975)); Com. v. Kindness, 247 Pa. Superior Ct. 99, 371 A. 2d 1346 (1977).

The accelerated rehabilitative disposition may lead to the following consequences:

1. Refusal by the judge to accept defendant into the program.

2. Acceptance into the program, and

A. Deferral of further proceedings on the charges during the term of the program, Pa.R.Crim.P. 181.

B. Placement on probation with conditions, which may include restitution.

C. Dismissal of all charges upon satisfactorily completing the program, or

D. Early termination of the program by reason of violation of conditions of probation, whereupon "the attorney for the Commonwealth shall proceed on the charges as provided by law." Pa.R.Crim.P 184.

Therefore, under A.R.D., there can be no question of double jeopardy, which requires a jury empanelling at a trial, or a judge to begin hearing evidence in a non-jury case: Serfass v. U.S., 420 U.S. 377 (1975); Com. v. Ferguson, 446 Pa. 24, 285 A. 2d 189 (1971).

In Shade, supra, the court noted that A.R.D. "provides a means of suspension of formal criminal proceedings before conviction on the condition that the accused will do something in return."

## EQUAL PROTECTION CLAIM

Defendants attempt to raise an equal protection issue when none exists. If these defendants are removed from the program for proper cause, they cannot claim that only violation of parole conditions permit removal.

For those who were admitted into the program after all procedural requirements and safeguards had been met, the only reason, in the rules, for removal is violation of probation conditions. But a defendant removed for other just and proper reasons cannot claim class discrimination. Our remaining inquiry will delve into the subject of removal for non-condition violation reasons.

*Under what circumstances may a court remove a defendant from the program, other then under Rule 184 for violation of conditions of probation?*

It cannot be argued that a fraud upon the court inducing acceptance into the program cannot be remedied by removal.

A requirement for entry into A.R.D. is revelation of prior misdemeanor and felony convictions and prior A.R.D. acceptance by defendant. Violation may and does entail removal.

In the instant case, the Commonwealth failed to notify the victim of the continued hearing. While defendants had no part in this error, they knew that neither the victim nor his attorney was present, and that the case had not been listed for hearing. They asked that the matter be added to the hearing list. They did not inform the prosecutor of the continuance ordered by the court in July, nor the reason for such continuance.

This court, in July, continued the cases for the express purpose of hearing from the special district attorney as to why these defendants had been proposed for A.R.D. In Delaware County aggravated assault charges, where the victim received severe injuries, are not accepted into the program.

In September, neither the special district attorney nor the court was advised of the reason for the July continuance. Further, the court was informed that no restitution problem existed because there was insurance coverage. As before indicated, insurance coverage depends upon proof of non-intentional infliction of injury, and coverage, under the circumstances, is doubtful.

Therefore, directly or indirectly, defendants are responsible for the court's lack of knowledge in September of the extent of the injuries, and the lack of restitution assurances.

The court committed an error in permitting these defendants to enter the A.R.D. program, and in placing them on probation. This error was induced in large measure by the action or inaction of defendants.

For the above reasons, the interests of justice require the removal of defendants from the A.R.D. program.

## ORDER

And now, October 24, 1978, after argument and consideration of briefs, the motions of the Commonwealth to remove Norman James Buczik and Konrad P. Zatwarnytaky from the A.R.D. program is granted, and it is ordered that the A.R.D. program for Norman J. Buczik, 275 of 1978, and for Konrad

P. Zatwarnytaky, 274 of 1978, shall be and is terminated, the said defendants removed therefrom, and the attorney for the Commonwealth is ordered to proceed on the charges as provided by law.