## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/Appellee

v.

## PAUL E. KRAMER, Defendant/Appellant

Criminal No. 1984/114

District Court of the Virgin Islands

Div. of St. Croix

Appellate Division

June 18, 1986

JACQUELINE A. DREW, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff/appellee*

MARK L. MILLIGAN, ESQ., St. Croix, V.I., *for defendant/appellant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The issues in this appeal from the territorial court are twofold: whether the discretionary provisions of 5 V.I.C. § 4613 are unconstitutional per se and whether the assistant attorney general abused his discretion by denying the appellant permission to enter

the Virgin Islands pretrial intervention program. We find § 4613 is constitutional and that the assistant attorney general did not abuse his discretion.

## I. FACTS

On June 22, 1984, the appellant, Paul E. Kramer ("Kramer"), was charged in the territorial court with possession of an unlicensed firearm and with discharging a firearm. At his arraignment Kramer obtained court approval to apply for the pretrial intervention program pursuant to 5 V.I.C. § 4611. Kramer pled not guilty to both counts and filed a motion on July 11, 1984, for entry into the program.

The pretrial intervention program ("Program") gives the territorial and District Courts jurisdiction to divert selected offenders into a program of community supervision and service. 5 V.I.C. § 4612. Kramer was interviewed by the program representative, and it was determined that Kramer was a suitable candidate for diversion. At the hearing held on July 27, 1984, however, the assistant attorney general refused to consent to pretrial diversion. The assistant attorney general maintained he had discretion to withhold Kramer from the program pursuant to § 4613 which limits eligibility to:

> any person who is charged with an offense against the Government of the Virgin Islands, except murder, kidnapping, assault in the first or second degree, rape in the first degree and arson in the first degree, over which the district or territorial courts may exercise final jurisdiction, and who is recommended for participation in a program of community supervision and services by a director thereof and the Attorney General or U.S. Attorney;

5 V.I.C. § 4613(1).

The Attorney General's Office interprets this section as giving them the discretion to recommend or deny permission for selected offenders to enter the program. In this case they denied Kramer permission because of an unwritten office policy to withhold their consent for pretrial diversion in any case involving firearms. For this reason the trial court reluctantly denied the motion to divert Kramer into the program. In doing so, however, the court encouraged Kramer to test by appeal this statutory grant of discretion.

319

On August 24, 1984, Kramer entered a conditional plea to the charge of discharging a firearm reserving his right to appeal the court's previous denial of entry into the program. Kramer filed a notice of appeal on November 29, 1984. In response to Kramer's brief the government filed a motion to dismiss the appeal as frivolous. Since the territorial judge encouraged Kramer to appeal, we will deny the motion to dismiss. We will treat the government's brief as the response and for the following reasons will affirm the territorial court.

## II. DISCUSSION

Kramer makes two arguments for consideration on appeal, both couched in the rubric of equal protection and due process violations.[1] Kramer asserts that § 4613 is constitutionally defective on its face since it affords the attorney general the discretion to admit or deny defendants into the program. Second, Kramer contends that the decision to exclude those charged with firearm violations from the program is an abuse of discretion also violative of equal protection and due process.

A. *Statute Not Unconstitutional on Its Face*

At least one other jurisdiction has upheld statutory prosecutorial discretion in pretrial diversion programs. Shade v. Commonwealth of Pa., Dept. of Transp., 394 F. Supp. 1237, 1240-41 (M.D. Pa. 1975). In Shade, the selected offenders requested the court to declare unconstitutional a pretrial diversion program on the ground that the program granted the prosecuting attorney an impermissible quantum of prosecutorial discretion. Additionally, the offenders argued the program was administered in a discriminatory manner violative of equal protection.

In the Pennsylvania scheme, the district attorney has the discretion to refuse to ask for pretrial diversion and can insist on prosecution. Shade, 394 F. Supp. at 1240. In addressing the attack against the statute, the court found the claim "wholly without merit." Shade, 394 F. Supp. at 1240-41. The court, citing United States v. Bland, 472 F.2d 1329, 1335 (D.C. Cir. 1972), noted that the long and widely accepted concept of prosecutorial discretion, derived from the constitutional principle of separation of powers, permitted this type of prosecutorial discretion. Cf. United States

---

[1] The equal protection and due process clauses are made applicable to the Virgin Islands in the Revised Organic Act of 1954 § 3.

v. Cox, 342 F.2d 167, 171 (5th Cir. 1965) (it follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions).

█ We therefore hold that the prosecutorial discretion vested in § 4613 is constitutionally permissible.

B. *Decision To Withhold Firearm Offenders From Program Is Permissible*

█ Initially we note that any attempt to attack prosecutorial discretion on the constitutional basis of due process or equal protection is difficult. The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Oyler v. Boles, 368 U.S. 448, 456 (1962).[2] Government of the Virgin Islands v. David, 741 F.2d 653, 655 (3d Cir. 1984). Absent proof that the selective enforcement was deliberately based on an unjustifiable standard such as race, religion or other arbitrary classification, a prosecutor has broad discretion with regard to prosecution. Oyler, 368 U.S. at 456, David, 741 F.2d at 655-56. Unequal application of criminal laws alone does not amount to a constitutional violation unless intentional or purposeful discrimination is shown. United States v. Torquato, 602 F.2d 564, 568 (3d Cir.), cert. denied, 444 U.S. 941 (1979).

█ The Attorney General's policy to withhold consent for firearm violators is not an arbitrary classification violative of the equal protection clause. Other jurisdictions, faced with the identical issue, support this result.

For example in Cleveland v. State, 417 So. 2d 653 (Fla. 1982), the petitioner was charged with welfare fraud equal to a third-degree felony. The petitioner sought admission to the Florida pretrial diversion program and had satisfied all statutory requirements for admission. The petitioner's admission was denied because the state attorney refused to consider his application. This

---

[2] Oyler involved a challenge against the West Virginia habitual offender statute. The petitioners alleged equal protection violations because prosecutors filed habitual informations against them and not others similarly situated. We note at least one commentator has stated that the decision not to divert a defendant is in essence a decision to prosecute and is subject to challenge in the same way as any other decision to prosecute. 2 W. La Fave, J. Isreal, Criminal Procedure (1984) § 16.3(c). We will therefore cite as authority all those cases involving due process and equal protection challenges against a decision to prosecute.

refusal was based on a rule promulgated by the Department of Offender Rehabilitation which denied persons charged with welfare fraud, or other third-degree felonies, admission to the program. The Florida Supreme Court held that their pretrial intervention program is an alternative to prosecution and should remain in the prosecutor's discretion. Cleveland, 417 So. 2d at 654.

Additionally, rules which deny certain selected offenders from consideration in diversion programs need not be committed to writing. State v. Greenlee, 620 P.2d 1132 (Kan. 1980).

Finally, courts have upheld a prosecutor's decision to disregard factors for determining diversion even though the factors are expressly included in the diversion statute. State ex rel. Anderson v. Haas, 602 P.2d 346 (Or. App. 1979). See also State v. Greenlee, supra (court upheld policy of district attorney's office to exclude all drug offenders from participation in diversion program).

These authorities support the notion that the assistant attorney general did not abuse his discretion by excluding firearm violators from the program.[3]

## III. CONCLUSION

In summary we find 5 V.I.C. § 4613 is constitutional. Additionally, the Virgin Islands assistant attorney general did not abuse his discretion in denying Kramer permission to enter the pretrial intervention program. We therefore affirm the decision of the territorial court.

## JUDGMENT ORDER

THIS MATTER is before the Court on appeal from the Territorial Court. The case was filed in this Court prior to the institution of the three judge panels. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED and ADJUDGED:

THAT the judgment of the Territorial Court is hereby AFFIRMED.

---

[3] Even in the absence of the office policy to exclude firearm violators from the program, we note it would be constitutionally permissible for the attorney general to distinguish between individuals who are charged with the same crime. Newman v. United States, 382 F.2d 479 (D.C. Cir. 1967); Com. v. Lutz, 495 A.2d 928 (Pa. 1985). See also Pyle v. Court of Common Pleas, 431 A.2d 877 (Pa. 1981).