Raymond W. **EPPERSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19914.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1966.

Decided Jan. 5, 1967.

Petition for Rehearing En Banc
Denied Feb. 13, 1967.

Mr. J. P. Janetatos, Washington, D. C.,
with whom Mr. Walter A. Slowinski,
Washington, D. C. (both appointed by
this court), was on the brief, for appellant.

Mr. Hugh M. Durham, Atty., Dept. of
Justice, of the Bar of the Supreme Court
of Virginia, pro hac vice, by special leave
of court, with whom Messrs. David G.

Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Miss Carol Garfiel, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, Senior Circuit Judge, EDWARDS,* Circuit Judge of the United States Court of Appeals for the Sixth Circuit, and LEVENTHAL, Circuit Judge.

LEVENTHAL, Circuit Judge:

■ This is an appeal from a judgment of conviction which carried a sentence of 15 to 45 months, imposed for carrying a dangerous weapon, a pistol, without a license. D.C.Code § 22–3204.[1] Appellant's conviction is amply supported by the testimony of the arresting officer who saw him on the street in the wee hours of April 24, 1964, with the butt of a pistol, containing live ammunition and one spent shell, sticking out of his shirt.

Appellant claims basic rights were denied by the delay in indictment until after the death on June 8, 1964, of one Sharon Sweeney, who, he claims, put the gun in his shirt pocket. It is not inconceivable that Miss Sweeney would have done such a thing, say because she wanted appellant to use the gun in some reprehensible way, nor even—though this seems more doubtful—that she would have testified to this had she remained alive. Appellant asserts that he knew nothing of the gun because he suffered chest pains shortly after he arrived at the Red Slipper Club where Miss Sweeney was an entertainer, and the twelve phenobarbital pills he took for this, together with the whiskey he had imbibed, left him under sedation. This unusual narrative was given some color when a doctor testified that two weeks earlier appellant had been discharged from the hospital where he had been treated for a heart attack, with twenty-eight tablets of phenobarbital and instructions to take four tablets per day. That the jury considered appellant to lack credibility he now ascribes to the unavailability of Miss Sweeney's testimony.

With this admixture of the dreary and dramatic for background we turn to the procedure assailed by appellant as denying his fundamental rights. On April 24, 1964, the morning of his arrest, appellant was charged with the misdemeanor of carrying a deadly weapon. He requested a continuance, and was released on $500 bond. On May 19, having retained counsel, appellant requested a jury trial. This request was granted and trial was set for June 17. On June 17 the misdemeanor charge was nolle prossed, and appellant was charged with the felony of carrying a dangerous weapon after having previously been convicted of a felony. He waived preliminary hearing and twelve days later he was indicted.

Appellant says if he had been charged with the felony originally, rather than after a delay of almost two months, he would have had the benefit of a preliminary hearing under Rule 5(c) of the Federal Rules of Criminal Procedure and the testimony of his principal witness could have been preserved. That her death was not anticipated does not, he says, dissipate the prejudice.

■ Although there are several reasons why appellant may not prevail, we confine our discussion to the central observation that we see nothing objectionable either in the extent of or reason for the prosecutor's delay in determining to seek an indictment.[2] The reason for delay and whether it is legitimate must of

---

* Sitting by designation pursuant to Section 291(a), Title 28 U.S.Code.

1. As noted below, under D.C.Code § 22–3204 this offense is a misdemeanor, with a maximum term of one year, but the offense is a felony, with a maximum term of 10 years, when committed by one previously convicted of a felony.

2. Accordingly we are not here called upon to consider what circumstances may call for dismissal of an indictment, under either the Sixth Amendment or Rule 48, Federal Rules of Criminal Procedure, for unnecessary delay in presenting the charge to a grand jury.

course be taken into account.[3] Appellant's counsel argues that the prosecutor knew the day after arrest that appellant could be held for a felony, since appellant had previously been convicted in the District of Columbia of carrying a deadly weapon, presumably as a misdemeanor. But it took time to obtain the so-called "rap sheet" from the FBI showing appellant's felony record outside the District of Columbia.

 The crime of carrying, without a license, a pistol or other deadly or dangerous weapon capable of being concealed is a serious matter in a troubled metropolitan area.[4] In the District of Columbia the basic offense is a misdemeanor, punishable by $1000 fine and imprisonment for one year,[5] but a drastic increase in maximum punishment is provided if "the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years." D.C.Code § 22–3204. The courts have already upheld the constitutionality of increasing the authorized punishment in the case of a prior offender.[6] The United States Attorney has a responsible role in implementing the possibility that crimes of violence may be deterred by visiting severe punishment upon a convicted felon later found carrying a deadly weapon. The courts will not skimp in affording the prosecutor an opportunity to obtain and appraise the prior record of the accused in order to determine whether to seek a felony conviction.

We have also considered appellant's contention that he was entitled to the mental examination requested on the

eve of trial. We see no basis for reversal of the ruling denying his application for lack of sufficient showing or predicate.

Affirmed.

---

3. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Hedgepeth v. United States, 124 U.S.App.D.C. —, 364 F.2d 684, 687 (1966); Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705 (1965).

4. New York makes it a felony, without regard to prior record, to possess a firearm and at the same time ammunition usable to discharge the firearm. Prior conviction "of any crime" elevates the possession of a firearm (without ammunition) from a misdemeanor to a felony. N.Y.Pen.Law, McKinney's Consol.Laws, c. 40, § 1897, subds. 2, 3 (Supp.1966).

5. D.C.Code § 22–3215.

6. Kendrick v. United States, 99 U.S.App. D.C. 173, 238 F.2d 34 (1956).