Joseph L. **NEWMAN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20637.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1967.

Decided July 31, 1967.

Mr. John A. Beck, Washington, D. C. (appointed by this court), for appellant.

Mr. Arthur L. Burnett, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Charles L. Owens, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge:

The sole issue presented on appeal raises for the first time whether it was a denial of Appellant's constitutional rights for the United States Attorney to consent to a guilty plea tendered by Appellant's co-defendant for a lesser included offense under the indictment, while refusing to consent to the same plea for Appellant.

Appellant and one Anderson were indicted for housebreaking and petty lar-

ceny. Negotiations between Anderson's counsel and an Assistant United States Attorney led to Anderson's being allowed to plead guilty to misdemeanors of petty larceny and attempted housebreaking. The United States Attorney declined to consent to the same plea for Appellant.[1] The essence of Appellant's claim on appeal is that the United States Attorney's conduct denied him due process, "equal standing," and equal protection. He argues that both Appellant and Anderson

> were equally guilty * * * and to permit one party an avenue of escape with relatively minor punishment while refusing the same procedure to Appellant violates the standard of fairness demanded of the law by the Constitution. * * *

Since this is the first occasion this contention has been presented to the Court, we deal with it for the guidance of the District Court and counsel.

The issue in this Court, of course, must be resolved on the basis of the constitutional powers of the Executive. Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.

■ The United States Attorney, under the direction and control of the Attorney General, is the attorney for the Executive, charged with faithful execution of the laws, protection of the interests of the United States, and prosecu-

tion of offenses against the United States.[2] As such, he must have broad discretion. See Fay v. Miller, 87 U.S. App.D.C. 168, 183 F.2d 986 (1950). Most frequently, the issue of the United States Attorney's "discretionary control of criminal prosecutions has arisen * * * in connection with the filing of a *nolle prosequi,* and the Courts have regularly refused to interfere with these voluntary dismissals of prosecution." Schwartz, *Federal Criminal Jurisdiction and Prosecutor's Discretion,* 13 LAW & CONTEMP.PROB. 64, 83 (1948); *cf.* FED.R.CRIM.P. 48(a).[3] The same result follows when dealing with attempts to compel a prosecuting attorney to initiate proceedings.[4]

■ Not surprisingly, however, there is a paucity of authority in which the precise claims here raised are treated, since the existence of very broad discretion in the prosecutor has long been taken for granted. In Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court rejected an equal protection argument that of those to whom a state recidivist statute applied, only a selected few had the heavier penalty enforced against them. The Court held that "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation," *id.* at 456, 82 S.Ct. at 506. Another of the few cases is Ex parte Bentine, 181 Wis. 579, 196 N.W. 213 (1923), where the Supreme Court of Wisconsin found no justiciable issue in a claim that one of two persons involved in an offense

1. Appellant failed to appear when his case was set for trial, and he became a fugitive but was apprehended, tried, and convicted and sentenced to 2 to 6 years.

2. 28 U.S.C. §§ 541–550 (1966 Supp.). *See also* Ponzi v. Fessenden, 258 U.S. 254, 262, 42 S.Ct. 309, 66 L.Ed.2d 607 (1922); United States v. San Jacinto Tin Co., 125 U.S. 273, 278–279, 8 S.Ct. 850, 31 L.Ed. 747 (1888); Confiscation Cases, 74 U.S. (7 Wall.) 454, 457, 19 L.Ed. 196 (1868).

3. *E. g.,* United States v. Brokaw, 60 F. Supp. 100 (S.D.Ill.1945); United States v. Woody, 2 F.2d 262 (D.Mont.1924).

4. *E. g.,* Powell v. Katzenbach, 123 U.S. App.D.C. 250, 359 F.2d 234 (1965), cert. denied, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966); Moses v. Katzenbach, 119 U.S.App.D.C. 352, 342 F.2d 931 (1965); United States v. Cox, 342 F.2d 167 (5th Cir.), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942); Pugach v. Klein, 193 F. Supp. 630 (S.D.N.Y.1961). And *compare* Ex parte United States, 287 U.S. 241, 251–252, 53 S.Ct. 129, 77 L.Ed. 1932 (1932).

was charged with rape while the other was prosecuted for a lesser offense. The Ninth Circuit recently rejected a claim that a prosecution violated the Due Process clause where the defendant alleged he was "discriminatorily" picked out because of suspected radical leanings while others similarly situated remained untouched. Dear Wing Jung v. United States, 312 F.2d 73 (9th Cir. 1963). And, a prosecuting official's refusal to recommend acceptance of lesser pleas in a homicide case by some defendants unless all defendants pleaded guilty to lesser crimes was held within the discretion of the district attorney. People v. Henzey, 24 A.D.2d 764, 263 N.Y.S.2d 678 (1965).[5] These cases make it clear that public prosecutions are within the exclusive direction of the United States Attorney.

■ An attorney for the United States, as any other attorney, however, appears in a dual role. He is at once an officer of the court and the agent and attorney for a client; in the first capacity he is responsible to the Court for the manner of his conduct of a case, i. e., his demeanor, deportment and ethical conduct; but in his second capacity, as agent and attorney for the Executive, he is responsible to his principal and the courts have no power over the exercise of his discretion or his motives as they relate to the execution of his duty within the framework of his professional employment. This dual role is perhaps best illustrated as follows:

> Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary power of the attorneys of the United States in their control over criminal prosecutions.

United States v. Cox, *supra* note 4, 342 F.2d at 171.

■ To say that the United States Attorney must literally treat every offense and every offender alike is to delegate him an impossible task; of course this concept would negate discretion. Myriad factors can enter into the prosecutor's decision.[6] Two persons may have committed what is precisely the

---

5. The status of the law in this area is most aptly summed up in a recent case in the District of Columbia Court of Appeals:

> The trial court should remember that the District Attorney's office is not a branch of the court, subject to the court's supervision. It is a part of the executive department, separate and apart from the judicial department. The District Attorney, and he alone, must determine the policies of that office. On the District Attorney rests the responsibility to determine whether to prosecute, when to prosecute and on what charges to prosecute. A case is not to be summarily dismissed because the court disagrees with some policy of the District Attorney's office. Although appellee was arrested on a felony charge the District Attorney was not compelled to prosecute on the felony charge. He had the discretion to prosecute for the lesser offense. United States v. Fleming, D.C.App., 215 A.2d 839 (1966). Likewise in the exercise of his "responsi-

ble role" the District Attorney may nolle pros a misdemeanor information and seek a grand jury felony indictment. Epperson v. United States, 125 U.S. App.D.C. 303, 371 F.2d 956 (January 5, 1967) (footnote omitted.)

United States v. Shaw, 226 A.2d 366, D.C. Ct.App., 1967.

6. *See* Pugach v. Klein, *supra* note 4, 193 F.Supp. at 635. The discretion to reduce or not to reduce criminal charges has traditionally been considered a matter solely for the prosecutor. *E. g.*, Guiseppi v. Walling, 144 F.2d 608, 620, 155 A.L.R. 761 (2d Cir. 1944) (dictum). *See generally* Weintraub & Tough, *Lesser Pleas Considered*, 32 J.CRIM.L. & CRIMINOLOGY 506, 513, and particularly 521–29 (1942).

It is also quite clear that Appellant had no right to be tried on the lesser offense. Hutcherson v. United States, 120 U.S. App.D.C. 274, 345 F.2d 964, cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965).

same legal offense but the prosecutor is not compelled by law, duty or tradition to treat them the same as to charges. On the contrary, he is expected to exercise discretion and common sense to the end that if, for example, one is a young first offender and the other older, with a criminal record,[7] or one played a lesser and the other a dominant role, one the instigator and the other a follower, the prosecutor can and should take such factors into account; no court has any jurisdiction to inquire into or review his decision.

It is assumed that the United States Attorney will perform his duties and exercise his powers consistent with his oaths; and while this discretion is subject to abuse or misuse just as is judicial discretion, deviations from his duty as an agent of the Executive are to be dealt with by his superiors.

█ The remedy lies ultimately within the establishment where power and discretion reside. The President has abundant supervisory and disciplinary powers—including summary dismissal—to deal with misconduct of his subordinates;[8] it is not the function of the judiciary to review the exercise of executive discretion whether it be that of the President himself or those to whom he has delegated certain of his powers.[9]

Affirmed.

BAZELON, Chief Judge (concurring in affirmance):

Appellant makes the bald assertion that he should have been allowed to plead guilty to the crimes of petit larceny and attempted housebreaking simply because the Assistant United States Attorney allowed a co-defendant to plead guilty to these crimes. Appellant made no attempt to establish the reasons for the different treatment, and so it is impossible for him to maintain that the difference was irrational or otherwise unconstitutional. Therefore, I join the majority in holding that the Assistant United States Attorney did not act unconstitutionally in this case. I have not considered any of the other statements in the majority opinion because they go very far beyond the necessities of this frivolous case.

---

7. *Cf.* Epperson v. United States, 125 U.S. App.D.C. 303, 305, 371 F.2d 956, 958 (1967).

8. *See* Carey v. United States, 132 F.Supp. 218, 132 Ct.Cl. 397 (1955).

9. The concurring opinion would reserve judicial power to review "irrational" decisions of the prosecutor. We do our assigned task of appellate review best if we

stay within our own limits, recognizing that we are neither omnipotent so as to have our mandates run without limit, nor omniscient so as to be able to direct all branches of government. The Constitution places on the Executive the duty to see that the "laws are faithfully executed" and the responsibility must reside with that power.