UNITED STATES of America,
Plaintiff,

v.

**W. A. BOYLE et al., Defendants.**

**Crim. No. 346–71.**

United States District Court,
District of Columbia.

Sept. 27, 1971.

See also D.C., 338 F.Supp. 1028.

Charles Ruff, Spec. Atty., U. S. Dept. of Justice, Thomas H. Henderson, Jr., Thomas L. Crowe, Spec. Atty., U. S. Dept. of Justice, Washington, D. C., for the Government.

Arthur J. Hilland, Washington, D. C., for W. A. Boyle.

Plato Cacheris, Alexandria, Va., for John Owens.

Alfred L. Scanlan, Washington, D. C., for James Kmetz.

## OPINION AND ORDER

RICHEY, District Judge.

Late in the afternoon of Thursday, September 23, 1971, the Court was advised that the attorneys for W. A. Boyle had issued two subpoenas duces tecum calling for the production of certain documents by Deputy Attorney General Richard G. Kleindienst and departmental attorney Edgar Brown. Upon request of the government the matter was set

down for hearing at 10:00 a. m. on Friday, September 24, 1971 and later that day it was learned that another subpoena duces tecum had been served upon Mr. Will R. Wilson, the Assistant Attorney General of the United States in charge of the Criminal Division. In addition it was made known that they had served certain subpoenas upon two representatives of the Associated Press and 18 assistants to various members of Congress. All of said subpoenas had a return date of 10:00 a. m. on Monday, September 27, 1971 in this Court. After the defendant Boyle made his proffers of evidence to prove the factual basis of grounds 11(g) and 11(h) of his Motion to Dismiss upon the alleged ground that Title 18 U.S.C. § 610 is unconstitutional because "its enforcement has been and is discriminatory in that it has not been enforced against the persons who accepted or received certain alleged contributions or expenditures," the Court on September 24, 1971, announced it would enter an Order staying the return date of the aforementioned subpoenas until further order of the Court.

The principal argument advanced by the attorneys for the Defendant Boyle that said subpoenas should be honored was that no United States Senator or Representative and no candidate for either of those offices and no other person, firm or corporation acting on their behalf had ever been prosecuted for accepting or receiving a contribution or expenditure from a labor union, or a corporation or a bank, although the government had used such evidence in their possession of the same in prosecutions against labor unions and officers of labor unions. The defendants demanded an evidentiary hearing with respect to Defendant Boyle's foregoing claim. Aside from the foregoing, the only proffer of proof was a description from the two newspaper men of the Associated Press of the process by which political contributions by corporations or their officers and agents are made to political figures. Nothing else was proffered.

Two issues are presented, by virtue of the foregoing, and paragraphs 11(g) and (h) of the Defendant Boyle's motion to dismiss. The first issue has to do with whether the Court has jurisdiction to review the Executive or prosecutorial decision to bring the instant indictment. Secondly, the Court is called upon to decide whether or not, in the light of the proffer by Defendant Boyle as hereinbefore described, the subpoenas duces tecum should be quashed and whether an evidentiary hearing is required.

The first issue has previously been dealt with in this Circuit in the case of Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967) in an opinion written by our Court of Appeals by the present Chief Justice of the United States when he was a member of that Court.

The Court in Newman, *supra,* held that the first issue must be resolved on the basis of the constitutional powers of the Executive and that "few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made." The Court of Appeals quoted from a 1962 decision of the Supreme Court of the United States which rejected an equal protection argument in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, wherein it was stated "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." In Newman, *supra,* the Court went on to say "two persons may have committed what is precisely the same legal offense but the prosecutor is not compelled by law, duty or tradition to treat them the same as to charges . . . *no court has any jurisdiction to inquire into or review his decision* . . . the remedy lies ultimately within the establishment where power and discretion reside . . . it is not the function of the judiciary to review the exercise of executive discretion whether

it be that of the President himself or those to whom he has delegated certain of his powers." (Emphasis added).

The case of Washington v. United States decided by our Court of Appeals in 1968 at 130 U.S.App.D.C. 374, 401 F. 2d 915 held that deprivation of equal protection must be found in the actual existence of an invidious discrimination and not in the mere possibility that there will be like or similar cases that will be treated differently. It will not do to simply show, that enforcement of the law is lax or even that other offenders may go free, according to the learned Judge Stottswood W. Robinson, III.

The Washington case, *supra*, differs from the case at bar in two major respects, namely, that the issue of alleged denial of equal protection under the 14th Amendment or due process under the 5th Amendment was raised during the course of trial and not at pre-trial as in the case at bar. The right to an evidentiary hearing was not precisely decided in the Washington case because the decision by the Court was made on the merits in that opinion. But, nevertheless, the principles of law discussed therein are instructive here.

It should be noted that the defendant's proffer that the defendant labor leader Boyle and other labor leaders are in effect the only ones being prosecuted under Title 18 U.S.C. § 610 is not true, particularly since 1968 as the reported and unreported cases from various Federal District Courts around the country show. See 13 cases referred to on page 5 of the government's memorandum in response to Boyle's Motion to Dismiss on grounds of discriminatory enforcement. See also the three unreported cases of individual officers who have also been prosecuted: United States v. Seafarers International Union, (E.D. N.Y.), now pending; United States v. First Western State Bank, (D.N.D.), now pending; and United States v. Clougherty Packing Company, (C.D.Cal. 1969).

Accordingly, the Court holds that it has no jurisdiction in this case to review the decision of the Executive Branch and its attorneys who brought the instant indictment. Even if the Court did have jurisdiction in this case its exercise here would not only frustrate the will of Congress in enacting Section 610 but also open up a Pandora's box in connection with the administration of justice and the proper enforcement of our criminal laws.

As to the second issue, the Court holds that no evidentiary hearing is necessary or required in the light of the defendant Boyle's proffer as previously described herein. In the context of the present case, it would be a useless act and a waste of the Court's valuable time to take testimony when the proffer of evidence merely shows that there may possibly be some public officials and corporation officers covered by Section 610 of Title 18 who may not have been prosecuted. This is an entirely different matter from showing that the defendant Boyle is being persecuted and singled out from a particular class of persons subject to the statute. Moreover, the proffer that donees and political figures may have violated the statute is again totally different than the instant case. Here again, proof of a violation by one who receives a contribution is of a wholly different character from that required to establish a violation by a donor. Mr. Boyle's indictment is based on the charge that he knew that contributions were being made in the case at bar out of union funds but obviously it is an entirely different proposition to obtain proof of scienter on the part of those receiving contributions. There is no case that has been brought to the attention of this Court holding that it would be improper for the Government to direct its enforcement efforts against one or more of several groups covered by a particular law. See Saunders v. Lowry, 58 F.2d 158, 5th Cir. (1932).

Lastly, the Court feels compelled to state that to allow the instant subpoe-

nas duces tecum to stand would be tantamount to authorizing a fishing expedition which is not authorized by either Rules 16 or 17 of the Federal Rules of Criminal Procedure. Moreover, the Court finds that the proffer of proof shows that the defendant has not made a clear showing of relevance and materiality as required. May v. United States, 184 U.S.App.D.C. 233, 175 F.2d 994, 1010, cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949). Moreover, a Motion to quash a subpoena duces tecum rests with the sound discretion of the Trial Court.

By virtue of the foregoing, the government's motion to quash the subpoenas duces tecum be and the same is hereby granted.