UNITED STATES of America

v.

Stuart H. RUSSELL.

No. SA–75–CR–78.

United States District Court,
W. D. Texas,
San Antonio Division.

June 18, 1975.

**10**

Thomas Ruane, Watergate Sp. Prosecution Force, Dept. of Justice, Washington, D. C., John E. Clark, U. S. Atty., Dept. of Justice, by Jerry Handy, San Antonio, Tex., for plaintiff.

Wallace Duncan, Washington, D. C., for defendant.

## ORDER

JOHN H. WOOD, Jr., District Judge.

On this 18th day of June, 1975, came on to be considered the Motion to Dismiss Indictment filed by the defendant in the above styled and numbered cause and the Court, having considered the motion and the Government's opposition thereto together with defendant's reply to the Government's opposition, the Indictment herein and the record and file in the case, is of the opinion and so finds that the defendant's Motion to Dismiss should be denied.

█ By his motion defendant seeks to test the sufficiency of the Indictment herein in generally a two pronged attack of mixed factual and legal elements. The thrust of the first prong of this attack is basically a legal one challenging the consti-

tutionality of the relevant Statute on its face (18 U.S.C., Section 610, hereafter referred to as Section 610) or as utilized in the instant Indictment in conjunction with 18 U.S.C., Section 371 (Conspiracy to Commit an Offense Against the United States—hereafter referred to as Section 371) and 18 U.S.C., Section 2 (Aiding and Abetting the Commission of an Offense Against the United States, hereafter referred to as Section 2).[1] The thrust of the second prong of defendant's attack is basically one of mixed fact and law challenging the sufficiency of the Indictment. In considering defendant's motion, several points must be kept in mind. First, the time honored test of the sufficiency of an Indictment is whether "it contains the elements of the offense intended to be charged, sufficiently apprises a defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy . . . (citations omitted)." *United States v. Miller*, 491 F.2d 638, 649 (5th Cir., 1974). In addition, since the attack raised by the Motion to Dismiss is on the sufficiency of the Indictment, the allegations contained therein should be taken as true. In this connection, Rule 12, Federal Rules of Criminal Procedure, was not intended to provide for "speaking motions" of the type submitted in part herein by the defendant. A different Rule would allow the truth of the allegations contained in the Indictment to be challenged by Affidavit, Exhibit or other factual pleading, thereby turning the pretrial motion into a trial of the general issue. 1 Wright Federal Practice and Procedure, Section 194, pages 412 through 413. Rule 12 motions are not to be converted from Motions to Dismiss into a criminal case analogy of the civil practice Motion for Summary Judgment. In this connection, defendant urges through Affidavits and Exhibits attached to his motion that the individuals named in the Indictment and alleged to be "officers" of the Associated Milk Producers, Inc. (hereafter referred to

1. Section 610 was amended effective on a date included within the time frame of the conspiracy charged in the Indictment. The amendments, however, do not affect any portions of Section 610 relevant herein.

as AMPI) are not, were not, nor could they have legally been "officers" of AMPI.

 This Court has not been cited to nor has it found any case which has held Section 610 unconstitutional on its face. In considering the constitutionality of a Statute, there is a long standing presumption that a Statute enacted by Congress is constitutional and, therefore, such Statute should be construed wherever possible so as to uphold constitutionality. In ruling on a constitutional challenge to Section 610, the District Court in *U. S. v. Boyle*, 338 F.Supp. 1025, 1032, 1033 (D.D.C.1972), affirmed, 157 U.S.App.D.C. 166, 482 F.2d 755 (1973), cert. den'd, 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483 (1973), held that:

". . . The statute is sufficiently narrow on its face and in its application, so that it does not unnecessarily infringe on Constitutional rights beyond those where the government has demonstrated a compelling interest in regulating."

While not specifically so stating, the Court was there heeding a long standing admonition of the Supreme Court eloquently summarized by Justice Brennan in *N. A. A. C. P. v. Button*, 371 U.S. 415, 432–433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). As the Supreme Court observed in *Shelton v. Tucker*, 364 U.S. 479, 488–489, 81 S.Ct. 247, 252, 5 L.Ed.2d 231 (1960):

"[E]ven though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifles fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgment must be viewed in the light of less drastic means for achieving the same basic purpose . . ."

These general principles are of particular pertinence and applicability when the Statute involved is criminal. Also, in this regard the presumption that an enactment of Congress is within constitutional bounds is to be given special consideration when the Statute involved pertains, as does Section 610, to the process by which the self-governing electorate chooses its representatives. A review by this Court of Section

610 and its use of the term "consent" with respect to an officer or director of a corporation in the Section's misdemeanor definition coupled with its use of the term "wilful" in the Section's felony definition shows not a ludicrous conflict as to render the Statute meaningless, but a careful safeguard to insure that conviction for felonious violation of the Statute requires a guilty knowledge and intent. Inherent in such phraseology is the recognition that when referring to a corporation and its inner workings consent by an officer or director of the corporation might well be active, passive, actual, constructive, informed or uninformed. In order for the officer or director to be found to have feloniously violated Section 610, there would have to be a showing of knowing and wilful consent to a knowing and wilful violation. In other words, there would have to be a showing of guilty knowledge on the part of the officer or director. Having considered all facets of the challenge to the constitutionality of Section 610, the Court is of the opinion and so finds that the Statute is constitutional on its face and as utilized by the Indictment herein in conjunction with Sections 371 and 2. As previously stated, Rule 12 motions are not meant to be speaking motions. Regardless of this principle, the Court has considered fully all aspects of defendant's challenge as to the sufficiency of the Indictment in light of the tests previously announced. In this regard, the Court holds specifically that whether the person condoning the alleged illegal corporate contribution and with whom the defendant is alleged to have conspired or whom the defendant is alleged to have aided and abetted is an "officer" of the corporation allegedly making the illegal contribution is an essential element of the Government's proof under the Indictment herein. Further, the definition of "officer" as used in the Statute and the Indictment is a question of law for the Court to determine and a proper subject for the Court's Charge to the Jury. Therefore, whether a particular individual whose status as an "officer" is crucial to proving the charge contained in the Indictment falls within the legal definition of

"officer" as given by the Court in its Charge is a question of fact for the Jury to determine. Further, the Court finds that the Indictment herein meets all the tests to be applied when weighing the various challenges to its sufficiency. In conclusion, the Court is of the opinion and so finds that Section 610 is constitutional on its face and as utilized by the Indictment herein in conjunction with Sections 371 and 2 and that the Indictment herein is in all things sufficient to overcome all challenges to its sufficiency.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the defendant's Motion to Dismiss as originally filed herein on February 21, 1975 and as supported by the Brief in support thereof filed April 1, 1975 and the Reply Brief filed May 28, 1975 be, and the same is hereby, in all things DENIED.