**UNITED STATES of America, Plaintiff,**

v.

**Peter F. PICCIURRO, Defendant.**

**Crim. No. 75–CR–91.**

United States District Court, E. D. Wisconsin.

March 9, 1976.

1056

Charles N. Clevert, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James M. Shellow and Stephen M. Glynn, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this criminal case the defendant, Peter F. Picciurro, is charged in a two-count indictment with willfully and knowingly filing false and fraudulent income tax returns for the calendar years 1968 and 1969 in an attempt to evade income taxes owed by him to the United States. The defendant has filed numerous pretrial motions which will be taken up in turn below.

### The Dismissal Motions

▮ Three separate motions to dismiss the indictment in this case have been made by the defense. The first motion alleges that this defendant has been singled out for selective and discriminatory treatment by the prosecutor. No brief has been filed in support, but defendant's attorney has filed his own affidavit which reveals the basis for the motion: the Government commenced prosecution because it believed defendant was involved in organized crime. The Government takes the position that, in general, there are no separate criteria within the Internal Revenue Service for so-called organized crime criminal tax cases, and that the only difference between these cases and others is that the investigation is automatically reviewed by the Department of Justice irrespective of the regional counsel's views on the prosecutive merits of the particular case.

The law vests the federal prosecutor with large discretionary power in deciding whether or not the Government shall proceed against a particular citizen. *Newman v. United States*, 127 U.S.App. D.C. 263, 382 F.2d 479 (1967), (Burger, J.); *United States v. Cox*, 342 F.2d 167 (5th Cir.), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). In the exercise of this discretion, the law recognizes that "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation," [1] which would compel the dismissal of an indictment. A court's role in reviewing this discretion is tempered by the fact that the United States Attorney is a representative of the executive branch, and is only answerable to a court for intentional discrimination based on an impermissible standard of selection. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Oyler v. Boles*, supra note 1. *Cf. United States v. Jones*, 438 F.2d 461, 468 (7th Cir. 1971), citing *Goldberg v. Hoffman*, 225 F.2d 463, 465 (7th Cir. 1955).

Having examined the motion papers of defendant and the entire file in this case, I am satisfied that nothing contained therein suggests that this defendant has been impermissibly selected for prosecution under the law. Therefore, defendant's first motion for dismissal and his request for a formal evidentiary hearing on the motion are denied.

▮ Defendant's second motion to dismiss this indictment asserts that the Government intentionally delayed in indicting the defendant to gain a tactical advantage, and that the delay has caused the defendant actual and substantial prejudice. Defendant has requested an evidentiary hearing in support of his motion.

It is undisputed that although nearly six years passed between the events which are the subject of this prosecution and the return of the indictment, the indictment was returned within the ap-

1. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962).

plicable statute of limitations.[2] Yet this does not end the inquiry, for even though the statute of limitations is "the primary guarantee against bringing overly stale criminal charges," *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), it is the law that "the statute of limitations does not fully define the [defendant's] rights with respect to the events occurring prior to indictment." *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 480 (1971). As the Supreme Court made clear in *Marion*:

> " * * * [T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in [the] case caused substantial prejudice to [defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. * * * " 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 481.

In the affidavit filed in support of this motion, the defendant alleges in a conclusory fashion, both substantial prejudice and intentional delay. Specifically, the defendant relates that between the events in question and the return of the indictment, two potential defense witnesses have died, and that there is reason to believe that the Government had the information upon which this prosecution is based available to it on or about June 1970. Defendant concludes that the delay was arbitrarily and intentionally done with a view toward prejudicing the defendant.

This Court is aware that there is a real possibility of prejudice inherent in any extended delay which is not by itself sufficient to require dismissal of criminal charges. *United States v. Marion*, supra, at 324–325, 92 S.Ct. at 465–466, 30 L.Ed.2d at 480–481; *United States v. Pritchard*, 458 F.2d 1036, 1038 (7th Cir.

1972), cert. denied, 407 U.S. 911, 92 S.Ct. 2434, 32 L.Ed.2d 685 (1972). It is, however, the sense of this Court that the defendant has done no more than merely point out delay and make conclusory allegations. Compare *United States v. Pritchard*, supra. Without a more definite statement of what the defense anticipates it would be able to prove at an evidentiary hearing, the Court would be ill-advised to grant defendant's request for court time to conduct what amounts to a hopeful probe for information. Therefore, this motion must be denied.

■ In a third motion to dismiss the defendant argues that the Internal Revenue Service investigated this case in an arbitrary and capricious manner, and denied the defendant the right to defend himself before the Internal Revenue Service prior to the time of indictment as others are allowed to do. Defendant has cited no legal authority in support of his position, nor is this Court aware of anything which *entitles* a defendant to pre-indictment disclosures by the Internal Revenue Service in connection with an ongoing investigation. In view of this, and for the reasons set forth above in denying the first motion to dismiss, the motion must be denied.

### Pretrial Discovery Motions

■ The defendant has filed eight additional pretrial motions which can be conveniently grouped under the heading of discovery. The Government has opposed all these motions in wholesale fashion, arguing that they must be denied because of defendant's failure to comply with Rule 3 of this Court's "Plan To Implement Rule 50(b), Federal Rules of Criminal Procedure." Rule 3 provides, in relevant part:

> "(c) Additional discovery or inspection. If additional discovery or inspection is sought, defendant's attorney

---

**2.** The two-count indictment charges the defendant with intentionally filing a false income tax return on or about May 15, 1969, and on or about May 15, 1970, all in violation of Section 7201 of the Internal Revenue Code, 26 U.S.C. § 7201. The indictment was returned May 6, 1975, just within the applicable six-year statute of limitations set forth in 26 U.S.C. § 6531.

shall confer with the United States Attorney within ten (10) days of the arraignment (or such later time as may be set by the Court for the filing of pretrial motions) with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

"(d) In the event defendant thereafter moves for additional discovery or inspection, his motion shall be filed within the time set by the Court for the filing of pretrial motions. It shall contain:

"(1) the statement that the prescribed conference was held;

"(2) the date of said conference;

"(3) the name of the United States Attorney with whom conference was held; and

·"(4) the statement that agreement could not be reached concerning the discovery or inspection that is the subject of defendant's motion."

Inspection of defendant's motion papers reveals that none of the information listed in Rule 3(d) above is contained therein. The defendant's position is that compliance with the "thrust" of Rule 3 has, nevertheless, been had by defendant's counsel reviewing the Government's file and then seeking by means of formal discovery motions items not included in that file. Defendant maintains that after receiving the motion papers the Government could have produced the requested material, thereby making the motions moot, but that since no such production was forthcoming here, the Government opposes the motions on substantive grounds and the matter must be disposed of by the Court. On the other hand, the Government, by relying on Rule 3, has not advised the Court of the substantive grounds it feels support its opposition to these motions.

Rule 3 was designed to avoid precisely these kinds of developments in the pre-trial preparation of criminal cases in this court. The purpose of the rule is to insure that discovery questions are presented to the court for resolution only after the parties have fully explored the problem privately. Thus, it was envisioned that should the stage of formal discovery motions be reached, each side would be able to represent its position *with respect to the item in dispute* briefly and precisely. On such a record the court can decide the motion without delaying unduly counsel's pretrial preparation.

In the instant case, the defense apparently filed discovery motions after examining the Government's investigative file and not finding certain items believed to be in the Government's possession. The intermediate step of resolving additional request for discovery in a cooperative atmosphere without recourse to the court was apparently passed over. As a result, the court now has before it these numerous motions accompanied in varying degrees by supporting materials, to which the Government has not responded in any meaningful way.

On such a record these motions cannot be granted. Accordingly, they must be denied without prejudice to the defendant's right to renew them should an impasse still exist after full compliance with Rule 3.

IT IS THEREFORE ORDERED that for the reasons given above, defendant's motions be and hereby are denied, provided however, that defendant's motions which are referred to above as "discovery motions" are denied without prejudice to the defendant's right to refile these motions upon a showing that full compliance has been had with Rule 3 of the Court's "Plan To Implement Rule 50(b), Federal Rules of Criminal Procedure," and

IT IS FURTHER ORDERED that a final pretrial conference in this case be held on Thursday, March 11, 1976, at 1:30 P.M.