Donna M. **BAXTER**, Appellant,

v.

**UNITED STATES,** Appellee.

No. 83–860.

District of Columbia Court of Appeals.

Argued April 26, 1984.

Decided Nov. 8, 1984.

---

**13.** See the testimony of James McCabe in Case No. 722 and James Myers in Case No. 768.

Raymond B. Benzinger, Washington, D.C., appointed by this court, for appellant.

Natalia M. Combs, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. di Genova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and Charles W. Cobb, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee. Thomas P. Murphy, Asst. U.S. Atty., Washington, D.C., also entered an appearance for appellee.

Before FERREN, TERRY, and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellant was convicted of shoplifting in violation of D.C.Code § 22–3813 (a) (1984 Supp.). On appeal she contends that the trial court erred in denying her motion to dismiss the information. We disagree and affirm.

Appellant removed three pairs of pants and two shirts from a Georgetown store without paying for them. She was arrested after she left the store with these items in her possession. About three weeks la-ter, after negotiations with the prosecutor, appellant was admitted to a pretrial diversion program known as Crossroads. The admission agreement stated that if appellant successfully completed the program, the charge against her would be dropped. However, the agreement also provided:

> I understand that if I fail to complete the diversion program or if I am terminated for any reason whatsoever, I must appear in court on [the scheduled trial date].

Appellant and her attorney both signed the agreement immediately below this paragraph.

The Crossroads program required appellant to complete forty hours of supervised community service by May 25, 1983. She completed only twenty-nine hours, however, and was therefore dismissed from the program on May 27. In the weeks that followed, without authorization from the prosecutor's office, she performed the remaining eleven hours of service. She then filed a motion to dismiss the information, asserting that she had lived up to her part of the bargain and that the court should require the government to do its part by dropping the charges. The trial court ruled that it had no jurisdiction to review appellant's dismissal from Crossroads, and thus it denied the motion. At a non-jury trial, which followed immediately, appellant was found guilty as charged.

■ Appellant's only argument here is that, by virtue of her performance of the required amount of community service, the government was barred from prosecuting her on the shoplifting charge. We cannot agree. "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States,* 127 U.S.App.D.C. 263, 264, 382 F.2d 479, 480 (1967). At least twice in recent years, we have relied on *Newman* and similar cases in rejecting challenges to a prosecu-

**1172**

tor's refusal to admit a defendant to a pretrial diversion program. *Irby v. United States*, 464 A.2d 136, 141 (D.C.1983); *Williams v. United States*, 427 A.2d 901, 903–904 (D.C.1980), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981). We have also refused to interfere with a prosecutor's decision to impose conditions on entering a diversion program, even if those conditions require the defendant "to give up some rights in exchange for expected leniency ...." *United States v. Smith*, 354 A.2d 510, 515 (D.C.1976). We see no reason to treat a person's termination from a program any differently from a refusal to admit the person to the program in the first place. Thus we hold that a prosecutor's decision to dismiss a defendant from a pretrial diversion program for failure to meet its requirements is not ordinarily subject to judicial review.

 This does not mean, of course, that the courts are without power to intervene if a prosecutor's decision to go forward with a trial is "based upon some form of invidious or otherwise impermissible form of discretion, or is arbitrary and capricious." *United States v. Smith, supra*, 354 A.2d at 513 (citations omitted). Thus a court will enforce an agreement based on a plea bargain, for example, if the decision to prosecute violates that agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *see Green v. United States*, 377 A.2d 1132, 1134 (D.C. 1977). But there is no such violation in this case. Appellant does not contend that the government acted arbitrarily, capriciously, or discriminatorily in dismissing her from Crossroads. She does not assert that her dismissal deprived her of a constitutional right. Instead, she invokes principles of contract law, arguing in effect that the government, having enjoyed the benefit of her performance, is bound to live up to its side of the agreement. What she fails to consider is that she herself did not perform according to the terms of the agreement, which imposed a deadline of May 25 for her completion of the program. Thus it was appellant, not the government, who breached the agreement; when that breach occurred, the government was no longer bound.

 We therefore hold that the trial court correctly applied the law when it ruled that it lacked authority to review appellant's termination from the Crossroads program. There was no basis on which the court could interfere with, or even inquire into, the government's decision to go to trial on the shoplifting charge. The conviction is accordingly

*Affirmed.*