Victor CHAVEZ, Appellant,

v.

UNITED STATES, Appellee.

No. 84–854.

District of Columbia Court of Appeals
Argued May 28, 1985.
Decided July 18, 1985.*

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Appellee's motion for publication was granted by the court.

Thomas Reed Kennedy, Washington, D.C., for appellant.

Ellen Bass, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, BELSON and TERRY, Associate Judges.

PER CURIAM:

■ Appellant was charged by information with attempted taking property without right, D.C. Code § 22–103, –3816 (1981 & 1985 Supp.), based on the allegation that he attempted to purchase a glass of beer with a counterfeit $100 bill. Appellant moved pretrial to dismiss the indictment, asserting that the United States Attorney acted in a discriminatory, arbitrary and capricious manner in denying him participation in the "First Offender Treat-ment" (FOT) diversion program solely because of his status as an "illegal alien." The government admitted in its opposition that it considers "illegal aliens" to be ineligible for FOT. That program, the opposition explained, is designed for first offenders. The United States Attorney does not view illegal aliens charged with other offenses as first offenders because their illegal status in this country, in itself, constitutes a crime. The motions court denied appellant's motion. Relying on *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), it observed that illegal aliens are not a suspect class under the equal protection clause, and held that the government legitimately may treat that group as ineligible for FOT. After a bench trial, appellant was convicted of the charge. We affirm.[1]

■ The FOT program diverts from the trial process persons "without prior police records accused of some minor misdemeanor not involving the use of force or violence." *United States v. Smith*, 354 A.2d 510, 511 (D.C.1976) (footnote omitted). The United States Attorney exercises "considerable discretion" in deciding when FOT is appropriate, *id.* at 511, and the court will not review that decision regarding a particular defendant. *Williams v. United States*, 427 A.2d 901, 903–04 (D.C.1980), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); *see also Newman v. United States*, 127 U.S.App.D.C. 263, 265–66, 382 F.2d 479, 481–82 (1967) (court has no jurisdiction to review prosecutor's decision to consent to guilty plea to lesser offense by co-defendant while refusing such consent regarding appellant).

■ When, however, a prosecutorial policy "singles out members of certain ethnic, religious, or racial groups" or persons with

---

1. At the outset, we reject appellant's argument that the United States Attorney's policy is a state action pre-empted here by federal immigration law. *See DeCanas v. Bica*, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976). The pre-emption doctrine is inapplicable to the actions taken by the United States Attorney, who is a federal officer. Appellant's argument that the United States Attorney has classified appellant as an illegal alien in violation of the due process clause of the Fifth Amendment is without merit. The United States Attorney's action of itself does not subject appellant to criminal penalties or deportation for violation of immigration laws.

particular political beliefs or allegiances, the court will strike the policy down. *Smith,* 354 A.2d at 513. "[T]o support a defense of selective enforcement or discriminatory prosecution, the defendant bears a heavy burden of showing that the government's selection of him for prosecution has been based upon some form of invidious or otherwise impermissible form of discrimination, or is arbitrary and capricious." *Id. (citing Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) (no denial of equal protection when prosecutorial policy not based upon "unjustifiable standard such as race, religion, or other arbitrary classification")).

Undocumented or "illegal" aliens are not a suspect class in an equal protection analysis. *Plyler,* 457 U.S. at 219 n. 19, 102 S.Ct. at 2395–96 n. 19.[2] There the Supreme Court observed that "entry into this class, by virtue of entry into this country, is the product of voluntary action. Indeed, entry into the class is itself a crime." *Id.* The Court also expressed the view that "those who elect to enter our territory by stealth and in violation of our law should be prepared to bear the consequences, including, but not limited to, deportation." *Id.* at 220, 102 S.Ct. at 2396.

In view of the record before us, appellant has failed to carry his heavy burden. No suspect class is involved. Appellant did not make a showing that the United States Attorney treats other persons with only arrests or other indicia of criminal activity short of conviction differently from undocumented aliens. *Cf.* 1 CRIMINAL PRACTICE INSTITUTE, TRIAL MANUAL at 5.22–25 (1983) (generally FOT not available to persons with a prior conviction, significant arrest records, or those persons reasonably believed to have been involved in repeated criminal conduct). An undocumented

alien—as appellant admits to being—is chargeable with at least two crimes—entry into the United States at an improper time or place, 8 U.S.C. § 1325 (1982), and willful failure to register. *Id.* §§ 1302, 1306. *See I.N.S. v. Lopez-Mendoza,* —— U.S. ——, 104 S.Ct. 3479, 3484, 82 L.Ed.2d 778 (1984) (entering or remaining unlawfully in the United States itself a crime). Appellant has thus not shown that treating undocumented aliens as second offenders for the purposes of FOT is based upon invidious or otherwise impermissible discrimination or other arbitrary classification. Accordingly, the conviction on appeal is

*Affirmed.*

---

2. *Plyler* involved a review of a state action under the equal protection clause of the Fourteenth Amendment. That amendment does not apply to actions of the federal government; rather, the due process clause of the Fifth Amendment, which incorporates equal protection guarantees, applies here. *See Bolton v.*

*Harris,* 130 U.S.App.D.C. 1, 4 n. 3, 395 F.2d 642, 645 n. 3 (1968). Cases construing the equal protection clause of the Fourteenth Amendment are relevant to our analysis under the Fifth Amendment. *See Washington v. United States,* 130 U.S.App.D.C. 374, 382 n. 40, 401 F.2d 915, 923 n. 40 (1968).