**Charles SMITH; et al., Plaintiffs,**

**v.**

**Edwin W. MEESE, III, Attorney General of the United States; et al., Defendants.**

**Civ. A. No. 85–H–752–N.**

United States District Court, M.D. Alabama, N.D.

Sept. 6, 1985.

Ira A. Burnim, Deborah A. Ellis, Dennis S. Sweet, Montgomery, Ala., Neil Bradley, Laughlin McDonald, Atlanta, Ga., for plaintiffs.

Richard K. Willard, David J. Anderson, R. John Seibert, Washington, D.C., and Kenneth E. Vines, Montgomery, Ala., for all defendants.

## ORDER

HOBBS, Chief Judge.

Plaintiffs are nine Alabama voters who live in Lowndes, Greene, Perry, Sumter and Wilcox Counties. Plaintiffs seek to bring this action on behalf of themselves and a class of all registered black voters in these counties against the Attorney General of the United States, officials of the United States Department of Justice, and the United States Attorneys for the three federal districts in Alabama. Plaintiffs allege that defendants are deliberately pursuing a discriminatory policy of ignoring complaints about unlawful electoral conduct by white public officials, while initiating major investigations of offenses allegedly committed by black citizens, in violation of plaintiffs' rights under the First, Fifth and Fifteenth Amendments, and 42 U.S.C. §§ 1983 and 1985. They have asked this Court to order defendants to investigate allegations of election crimes in a nondiscriminatory fashion.

Defendants have filed a motion to dismiss. They contend that the Court lacks jurisdiction to review the Attorney General's prosecutorial actions directed against non-parties, and that plaintiffs lack standing to bring this action. A hearing on this motion, set for August 15, 1985, was cancelled at plaintiffs' request. The Court is of the opinion, however, that the briefs filed by the parties are adequate for this Court to rule on defendants' motion.

In regard to whether the separation of powers doctrine precludes this Court's review of the Attorney General's decision to initiate or decline a prosecution, the

Court notes that the Attorney General, as part of the executive branch of the government, has the duty to see that the "laws are faithfully executed." United States Constitution Art. II, § 3. Under the authority of Art. II, § 2, Congress has given the Attorney General the power to conduct the criminal litigation of the United States government. *United States v. Nixon*, 418 U.S. 683, 694, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974); 28 U.S.C. § 516. The judiciary's appreciation of the role accorded the executive under the Constitution has led to the recognition that "it is not the function of the judiciary to review the exercise of executive discretion [in the area of prosecution] whether it be that of the President himself or those to whom he has delegated certain of his powers." *Newman v. United States*, 382 F.2d 479, 482 (D.C.Cir.1967). For this reason, the Court concludes that it lacks jurisdiction to conduct an overall review of the Attorney General's use of his discretion, which would be necessary in order to provide the remedy sought by plaintiffs.

■ The Court does not believe, however, that the Constitution provides no remedy for the type of abuses alleged by plaintiffs. A defendant in a criminal case who feels that he has been unjustly accused of a crime may assert these claims as part of a defense of selective prosecution. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962); *Murguia v. Municipal Court*, 15 Cal.3d 286, 124 Cal.Rptr. 204, 540 P.2d 44 (1975). Plaintiffs lack standing to use this remedy, however, because they have not been charged with any crime.

The standing problems inherent in this type of case were discussed by the Supreme Court in *Two Guys v. McGinley*, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961). In *Two Guys*, a department store sought to restrain a district attorney from enforcing a state Sunday closing law against its employees. The Court ruled that the store was asserting claims which should be raised as part of a criminal pro-

ceeding involving the employees. The Court stated:

> Since appellant's employees may defend against any such proceeding that is actually prosecuted on the ground of unconstitutional discrimination, we do not believe that the court below was incorrect in refusing to exercise its injunctive powers [to restrain the criminal prosecutions] . . .

366 U.S. at 588–89, 81 S.Ct. at 1138–39. *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973).

■ Plaintiffs contend that they have standing to raise claims normally raised in a criminal proceeding because they allege that such criminal investigations have injured them personally in their roles as officeholders and voters. To satisfy the standing requirements of the "cases or controversy" requirement of Art. III of the Constitution, plaintiffs must show (1) an injury in fact to their own interests, that (2) is "fairly traceable" to defendants' conduct, and that (3) is sufficiently likely to be redressed in a tangible way by available judicial relief. *Common Cause v. Dept. of Energy*, 702 F.2d 245, 250 (D.C.Cir.1983).

■ In applying these principles to the question of plaintiffs' standing, the Court has accepted as true all material allegations of the complaint, and has construed the complaint in favor of plaintiffs. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). In regard to plaintiffs' roles as elected officials, the Court concludes that the possibility that plaintiffs may in the future be subject to selective prosecution is at this point a matter of speculation and conjecture, and is not sufficient to confer standing upon plaintiffs. *O'Shea v. Littleton*, 414 U.S. 488, 497, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974). Plaintiffs' allegation that the prosecution of other individuals has resulted in the dilution of their votes, and chilled their associational activities, is a " 'generalized grievance' shared in substantially equal measure by all or a large class of citizens," *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct.

2197, 2205, 45 L.Ed.2d 343 (1975), that is not "fairly traceable" to the actions of defendants. Finally, as noted above, the Court is unable to provide relief to plaintiffs, due to the separation of powers doctrine.

For the foregoing reasons, it is hereby ORDERED that defendants' motion to dismiss is granted, and this cause is dismissed.

All other motions pending in this matter are hereby denied as moot.