John A. WARD, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 10, 1979.

Decided April 7, 1980.

Howard F. Hillis, Asst. Public Defender, Wilmington, for defendant below, appellant.

Timothy Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

Petitioner was tried in the Superior Court, in and for New Castle County, on April 3 and 4, 1978, on charges of Robbery First Degree and Assault Second Degree. On April 4, 1978 the jury returned a verdict of guilty to Robbery First Degree and Assault Third Degree. The State moved on May 3, 1978 for sentencing of petitioner as a habitual offender under 11 *Del.C.* § 4214(b) and (c). At the June 15, 1978 hearing, the State presented evidence that petitioner had entered a guilty plea in the Superior Court in 1972 on a charge of Assault with Intent to Commit Rape, and a guilty plea in the same court in 1974 on charges of Robbery and Burglary. Subsequently, the Trial Court sentenced him to life in prison without probation or parole.

Petitioner claims that the habitual offender statute has been arbitrarily and capriciously applied to him in violation of his rights to due process and equal protection of the law, under the United States and Delaware Constitutions. Specifically, the petitioner argues that in only one-third of all cases in which the defendants were potentially subject to sentencing under § 4214(b) was such sentencing requested by the State.

We find that the defendant has failed to make out a constitutional claim. While it is true that selective enforcement of a statute against a particular class violates the equal protection clause of the Fourteenth Amendment, *Yick Wo v. Hopkins*, 118 U.S. 356, 373, 6 S.Ct. 1064, 1072, 30

L.Ed. 220, 222 (1886), the burden falls on the defendant, where the state action is not discriminatory on its face, to show purposeful discrimination against a particular class. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). It is not enough for defendant to claim that the State made no explanation for allegedly singling him out. In *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court held that failure to prosecute a large percentage of eligible offenders under a habitual offenders statute did not deny equal protection to those who were prosecuted, where the selection was not "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453.

■ Petitioner's argument that the prosecutorial selection was arbitrary and capricious and, therefore, could not be upheld in its application to him is also without foundation. The prosecutor is allowed broad discretion in law enforcement, *U. S. v. Bell*, 506 F.2d 207 (D.C.Cir.1974), *Newman v. U. S.*, D.C.Cir., 382 F.2d 479 (1967), *Pugach v. Klein*, S.D.N.Y., 193 F.Supp. 630 (1961), and is not obliged to treat two similarly situated defendants alike. *Newman v. U. S.*, supra, at 481–82.*

In *State v. Lee*, Wash.Supr., 87 Wash.2d 932, 558 P.2d 236 (1976), app. dismissed *sub nom. Lee v. Washington*, 432 U.S. 901, 97 S.Ct. 2943, 53 L.Ed.2d 1074 (1977), the appellant claimed that in applying a similar statute to him when only 1.8 percent of those eligible were charged under it denied him due process and equal protection of the law. The Supreme Court of Washington found that the appellant had been selected because he met the statutory requirements, and upheld the state court's decision that:

> "[i]mplicit within the statute is a reasonable standard to govern the prosecuting attorney's exercise of discretion to initiate these proceedings. The decision to

prosecute must be based on the prosecutor's ability to meet the proof required by the statute." 558 P.2d 236, 237–38.

Thus without a showing that selection of defendant for habitual offender status was based on an impermissible classification rather than the valid exercise of prosecutorial discretion, the decision of the Superior Court must be affirmed.

AFFIRMED.

---

* It should be noted that we are not here considering a claim that, due to the alleged minor nature of the convictions, an habitual offender statute as applied to a particular defendant constitutes "cruel and unusual punishment". See differing opinions in *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).