IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 479, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| STATE OF DELAWARE, | § | of the State of Delaware, |
| | § | in and for New Castle County |
| Plaintiff Below, | § | Cr. ID No. 1206018361 |
| Appellee. | § | |
| | § | |

Submitted: October 23, 2015
Decided: December 18, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 18th day of December 2015, upon consideration of the appellant's opening brief, the State's motion to affirm,[1] and the record below, it appears to the Court that:

(1) The appellant, Harry W. Anderson, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence under Superior Court Criminal Rule 35 ("Rule 35"). The State of Delaware has filed a motion to affirm

---

[1] Anderson's request for leave to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in January 2013, Anderson pled guilty to two counts of Burglary in the Third Degree. In exchange for the plea, the State dismissed several other criminal charges. The State also agreed to seek habitual offender sentencing for only one of Anderson's convictions and to recommend a sentence of no more than six years of Level V incarceration on that conviction. On March 5, 2013, the State filed a motion to declare Anderson a habitual offender under 11 *Del. C.* § 4214(a), which the Superior Court granted. On September 20, 2013, the Superior Court sentenced Anderson as a habitual offender on the first count of burglary to six years of Level V incarceration. On the second count of burglary, the Superior Court sentenced Anderson to three years of Level V incarceration suspended for eighteen months of Level III probation. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) On December 19, 2013, while his direct appeal was still pending, Anderson filed a motion for reduction of sentence. On August 8, 2014, Anderson filed a motion for correction of sentence. The Superior Court denied both motions in an order dated August 15, 2014. Anderson did not appeal.

---

[2] *Anderson v. State*, 2014 WL 3511717 (Del. July 14, 2014).

2

(4) On August 19, 2014, Anderson filed his second motion for correction of sentence, which the Superior Court denied on September 8, 2014. Again, Anderson did not appeal. On September 22, 2014, Anderson filed another motion for correction or modification of his sentence. The Superior Court denied the motion in an order dated December 23, 2014. This Court affirmed the Superior Court's judgment on appeal.[3]

(5) On July 17, 2015, Anderson filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Anderson claimed that his sentence was illegal because 11 *Del. C.* § 4214 is unconstitutional. On August 4, 2015, the Superior Court denied Anderson's motion for correction of illegal sentence. This appeal followed.

(6) In his opening brief, Anderson argues that Section 4214 is unconstitutionally vague in violation of the Due Process Clause and Equal Protection Clause because it: (i) encourages arbitrary and discriminatory enforcement by giving a sentencing court the discretion to impose a sentence of up to life imprisonment; (ii) does not follow the established rules of the Sentencing Reform Act of 1984; and (iii) does not give defendants with three previous felony convictions notice that they are eligible for sentencing under Section 4214(a). These claims are without merit.

---

[3] *Anderson v. State*, 2015 WL 1396360 (Del. Mar. 24, 2015).

(7)    Because Anderson does not raise a First Amendment claim, he must show that Section 4214 is unconstitutionally vague as applied to him.[4]  He cannot do so.  This Court has previously upheld the constitutionality of the habitual offender statute.[5]  Anderson cites no relevant authority to support his contention that Section 4214 is unconstitutionally vague because it encourages  arbitrary and discriminatory enforcement by giving a sentencing court the discretion to impose a sentence of up to life imprisonment.  Although Anderson identifies a few cases in which he claims defendants convicted of Burglary in the Third Degree received shorter sentences under Section 4214(a) than he did, he does not allege or offer any evidence that these sentencing differences were predicated on an unjustifiable standard such as race, religion, or other arbitrary classification.[6]

(8)    As to Anderson's claim that Section 4214 is unconstitutional because it does not comply with the Sentencing Reform Act of 1984, that is a federal statute that applies to defendants convicted of federal crimes.  Anderson was

---

[4] *In re Hanks*, 553 A.2d 1171, 1176 (Del. 1989).

[5] *See, e.g., Johnson v. State*, 2008 WL 5191835, at *1 (Del. Dec. 11, 2008) (rejecting claim that habitual offender statute was unconstitutional because it did not require submission of predicate felony convictions to jury); *Williams v. State*, 539 A.2d 164, 180 (Del. 1988) (holding defendant's life sentence under Section 4214(b) was not unconstitutionally disproportionate sentence in violation of Eighth Amendment).

[6] *Oyler v. Boles*, 368 U.S. 448, 456 (1962) (holding failure to prosecute a large percentage of habitual offenders under West Virginia habitual offender statute did not violate equal protection, where selection was not "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification"); *Ward v. State*, 414 A.2d 499, 500 (Del. 1980) (rejecting defendant's claim that habitual offender statute was arbitrarily and capriciously applied to him in absence of showing that selection of defendant was based on impermissible classification rather than prosecutorial discretion).

convicted under state law, not federal law. Anderson's reliance on the United States Supreme Court's decision in *Johnson v. United States*[7] is also misplaced. In *Johnson*, the United States Supreme Court held that language in the Armed Career Criminal Act, which does not appear in Section 4214 and is not at issue in this case, violated the Due Process Clause because it was unconstitutionally vague.[8]

(9) Finally, Anderson did receive notice that he was eligible for sentencing under Section 4214(a). Anderson signed a plea agreement reflecting that he agreed he was eligible for sentencing under Section 4214(a) and that the State intended to seek sentencing under Section 4214(a). As required by Section 4215(b), the State filed a motion to declare Anderson a habitual offender before sentencing. To the extent Anderson claims this notice is insufficient, such a claim is without merit.[9] The Superior Court did not err in denying Anderson's motion for correction of illegal sentence.

---

[7] 135 S. Ct. 2551 (2015)

[8] *Id.* at 2563.

[9] *See, e.g., Oyler*, 368 U.S. at 452-54 (rejecting claim that West Virginia habitual offender statute violated due process because it did not require notice of habitual offender accusation before trial); *Eaddy v. State*, 1996 WL 313499, at *1 (Del. May 30, 1996) (rejecting defendant's claim that he should have been informed of provisions of habitual offender statute before he was eligible for habitual offender sentencing).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice